JOHN H. LESLIE *et al. vs.* GEORGE L. GODFREY *et al.*

Submitted on briefs Nov. 3, 1893. Reversed Nov. 13, 1893.

No. 8340.

**Garnishment, practice on claim of a third party.**

Where a claimant of the money or property in the possession of the garnishee appears and pleads, setting up his claim, the issue as to whether the money or property belongs to him or to the defendant in the action should be tried in the ordinary way,—upon the evidence produced by the respective parties.

Appeal by plaintiffs, John H. Leslie, Frederick G. Baker and George H. Leslie, from an order of the District Court of Rice County, *Thomas S. Buckham*, J., made March 3, 1893, discharging the garnishees, George R. Newell et al.

The plaintiffs were doing business at Chicago, Ill., and on October 5, 1892, made a contract with the defendant George L. Godfrey in which he agreed to sell and deliver to plaintiffs free on board cars at Faribault, Minnesota, 8,000 cases of canned corn for $14,-100. Godfrey failed to deliver the corn and plaintiffs commenced this action against him on November 4, 1892, to recover $2,400 damages they claimed to have sustained by his breach of the contract. At the same time they caused an affidavit to be made and filed stating that George R. Newell, Robert B. Langdon and Cavour S. Langdon, copartners, were indebted to Godfrey over $25 and issued a garnishee summons requiring them to appear before the Court on November 26, 1892, and answer touching their indebtedness to Godfrey. The garnishees appeared and disclosed that they had bought of Godfrey 5,500 cases of canned corn from the factory at Faribault, on which they owed over $2,500, but that Donald Grant, D. W. Grant, H. M. Matteson and N. S. Flint, copartners, doing business under the name Northwestern Canning Co. claimed the money, and that Godfrey claimed that he was only manager, and that they, the garnishees, were unable to say to whom the debt was owing.

Upon this disclosure plaintiffs obtained an order requiring Donald Grant and his copartners to appear in the action and maintain their right within twenty days or be barred of their claim. Grant and his copartners, claimants, were served with notice and a copy of this order and on February 14, 1893, they made and filed their statement of claim and were joined as parties claimants in the action. They claimed to have owned the corn and to have sold it to Newell & Co. and that the price was due to them and not to Godfrey. On the next day the claimants and Godfrey jointly gave notice that they would on February 25, 1893, move the Court, upon the pleadings, disclosure and all the files and records in the action, for an order discharging the garnishees, on the ground that plaintiffs were not entitled to judgment against the garnishees or to file a supplemental complaint against them. On the hearing the motion was granted and plaintiffs appeal therefrom.

*Fletcher, Rockwood & Dawson,* for appellants.

The Court below has not stated its reasons for the order in the record; but, outside, has said it was founded upon the fact that the plaintiffs had not met the claim filed by the claimants with a counter pleading denying the matters therein stated. Upon the argument of the motion the claimants contended that the disclosure of the garnishees showed conclusively that the garnishees held no property belonging to the defendant, and owed the defendant nothing and for that reason the garnishees should be discharged. The notice of motion was served the next day after the claim of Grant and his copartners was filed and the motion was heard ten days thereafter and was decided six days after this hearing. The time to answer this claim had not even then expired. The plaintiffs' practice was correct. 1878 G. S. ch. 66, § 174. *Donnelly* v. *O'Connor,* 22 Minn. 309; *Mansfield* v. *Stevens,* 31 Minn. 40; *North Star B. & S. Co.* v. *Ladd,* 32 Minn. 381; *McMahon* v. *Merrick,* 33 Minn. 262; *Williams* v. *Pomeroy,* 27 Minn. 85; *Smith* v. *Barclay,* 54 Minn. 47.

If the pleading needed an answer the plaintiffs must certainly, in absence of any other rule fixed by the Court, have twenty days to make such answer, and, after the hearing of the motion, plaintiff

had still nine days in which to put in its answer. The Court was simply entertaining a motion for judgment on the pleadings before the pleadings were made up.

*George N. Baxter*, for respondent.

There was no suggestion on the argument of the motion that plaintiffs desired to offer any other or further evidence in opposition to or contradiction of that of the garnishees. There was no objection by plaintiffs that the motion was premature, or any intimation that they desired to supplement the disclosure by other evidence. They did not intimate that they desired or intended to file an answer to the claim of Grant and his copartners, and their position is yet, that no answer thereto was necessary. If they had the right to answer they waived it by voluntary submission of the matter upon the pleadings, evidence and facts then before the Court. *Shafer* v. *Vizena*, 30 Minn. 387.

The parties having voluntarily assented that the Court should consider and determine the motion upon the facts then appearing, the only question is whether or not upon these facts the garnishees were entitled to be discharged. We maintain they were.

MITCHELL, J. After commencing this action against defendant Godfrey, the plaintiffs garnished Newell & Co., who appeared and made their disclosure, from which it appeared that Grant and others, a partnership under the name of the Northwestern Canning Company, claimed the money in the hands of the garnishees. Thereupon the court ordered that notice be served on the claimants to appear and maintain their right, or to be barred of their claim. In pursuance of the notice, the claimants appeared, and served— not earlier than February 14th—their pleading, in the nature of a complaint in intervention, alleging that they were the owners of the fund sought to be reached by the garnishee proceedings. In this condition of the proceedings, the court, on February 25th, on motion of the defendant, the garnishee, and the claimants, made on "the pleadings, records, and proceedings in said action, on file, including the disclosure of the garnishees," ordered, against the opposition of the plaintiffs, that the garnishees be discharged. Plaintiffs appeal from this order.

The learned trial judge did not indicate the grounds upon which he granted the motion; and counsel for respondents suggest none,. and none now occur to us, upon which the order can be sustained. The proper course or procedure in such a case, under the statute, has been quite clearly defined by the decisions of this court, especially *Smith* v. *Barclay,* 54 Minn. 47, (55 N. W. Rep. 827.) After the claimants served their pleading setting up their claim, the plaintiffs had twenty days in which to answer, if an answer was necessary. This time had not expired when the motion was granted..

And whether an answer was necessary, or whether the issue would be deemed joined by the affidavits of plaintiffs for garnishment, and the pleading of the claimants, in any event the plaintiffs were entitled to a trial in the ordinary way, on the proofs to be offered by the respective parties, of the question whether the fund in the hands of the garnishee belonged to the defendant or to the claimants. For the court to discharge the garnishees on motion. without such trial was error.

The only answer to this, suggested by counsel, is that the plaintiffs voluntarily submitted the issue on the facts before the court on the motion. The record does not show any such thing. On the contrary, it shows that plaintiffs opposed the motion. What reasons they urged in opposition to it do not appear, and is not for us to conjecture.

Order reversed.

(Opinion published 56 N. W. Rep. 818.)