WILLIAM CONROY v. A. H. FERREE.[1]

May 24, 1897.

Nos. 10,443—(75).

**Garnishment—Claims by Third Persons—Burden of Proof.**

Where the garnishee discloses a fund which belongs to the defendant, unless before the service of the garnishee summons the same has been assigned to the intervening claimant, the burden is on such claimant, under G. S. 1894, § 5318, to show that the fund belongs to him as against the plaintiff, a creditor of the defendant.

**Orders—Negotiability—Priority over Garnishment.**

Where the claimant pleaded and proved an order drawn in his favor by defendant on this particular fund, and accepted by the garnishees before the garnishee summons was served on them, but the claimant failed to prove any consideration for such order, *held*, the order, being drawn on a particular fund, was nonnegotiable, though drawn to defendant's order, did not import consideration, was merely an equitable assignment of the fund, and the claimant failed to "maintain his right" to the fund.

Appeal by the garnishees and the intervenor Englund from a judgment of the district court for Stevens county, entered pursuant to the findings and order of C. L. Brown, J. Affirmed.

*Spooner & Shelley*, for appellants.
*Geo. E. Darling*, for respondent.

[1] Reported in 71 N. W. 383.

CANTY, J. The plaintiff brought an action against defendant for the recovery of a debt, and commenced garnishment proceedings against the garnishees, Thompson and Brevig. In response to the garnishee summons, one of the garnishees appeared before the clerk of the court December 10, 1895, and disclosed that the garnishees were partners, and as such had employed the defendant for some time prior to the day the garnishee summons was served, and on that day there was due and owing from them, for his wages, the sum of $175; but that prior to the service of the garnishee summons they had accepted an order for $150, drawn by defendant in favor of Englund, the intervening claimant. Englund appeared during the disclosure, and at the close of the same filed with the clerk a complaint of intervention, and was sworn, and testified that on September 14, 1895, defendant gave him the following order:

"Starbuck, Minn., Sept. 14, 1895.
"T. E. Thompson and C. L. Brevig:
"Pay to the order of A. G. Englund one hundred fifty dollars ($150.00) on earnings for the threshing season of 1895, whatever they may be, and charge to the account of
"$150.00.  A. H. Ferree.
"Accepted Sept. 14, 1895.
"By C. L. Brevig."

That all of this took place before the service of the garnishee summons herein. This evidence was all included in the clerk's report, and filed in his office. Thereafter, on May 4, 1896, judgment was entered in the main action in favor of plaintiff and against defendant for the sum of $140. Nothing appears to have been done in the meantime in the garnishment proceeding. On June 3, 1896, notice was served on the garnishees that on June 13th plaintiff would move for judgment against the garnishees for the amount of plaintiff's said judgment against defendant, and that said motion would be made on all the records and files in the cause. On June 30th, the court made an order for such judgment against the garnishees, and the claim of intervenor was dismissed, in which order it is recited that notice of the motion had been duly given to the garnishees and to the claimant or intervenor, and it further recites:

"It being stipulated that such motion be submitted upon the records and files of the court, by the attorney of said intervenor and claimant, upon an adjournment being granted to the date hereof, and on such adjourned day no one appearing either for such garnishee defendants or for such intervenor and claimant."

Judgment was entered pursuant to this order, and from such judgment the garnishees and claimant appeal.

We are of the opinion that the judgment appealed from should be affirmed. The proper mode of procedure when a third party claims the property garnished is laid down in Smith v. Barclay, 54 Minn. 47, 55 N. W. 827. Whether or not the procedure in this case was irregular is immaterial, as, by agreeing to submit the motion for judgment against the garnishees on the files and records, the parties waived those irregularities. As the motion was submitted, the court was left to try and fully dispose of the controversy between the plaintiff and the claimant on the files and records, including the said intervention complaint, the disclosure of the garnishees, and the evidence of the claimant taken in the disclosure proceedings. If, on the proceedings and evidence thus presented, the claimant was entitled to judgment, there must be a reversal; otherwise, an affirmance.

G. S. 1894, § 5318, provides that, if there is a claimant, he may be permitted to appear and "maintain his right." The burden is upon him to plead and prove such right. Smith v. Barclay, supra. In this case the claimant pleaded and proved the order above set out, but he did not plead or prove any consideration whatever for the same. The order is drawn on a special fund. This destroyed its negotiability. 1 Daniel, Neg. Inst. § 50. Then it did not import consideration, and it was necessary to plead and prove consideration. It was not a negotiable inland bill of exchange, but its effect was that of an equitable assignment of the fund on which it was drawn. Such an order does not import consideration, even though accepted by the person on whom it was drawn. Alger v. Scott, 54 N. Y. 14. Then the claimant did not maintain his right.

Judgment affirmed.