GEORGE R. KING and Another v. CARROLL-PORTER BOILER & TANK COMPANY and Another.

December 6, 1898.

Nos. 11,369—(147).

Garnishment—Draft for Collection—Claim of Third Person—G. S. 1894, § 5318.

From the evidence taken at the disclosure of a garnishee, it appeared that a third party asserted ownership of the property in the garnishee's hands and claimed to be the absolute owner thereof. *Held*, that it was a proper case for proceedings under G. S. 1894, § 5318, to compel the claimant to appear and maintain its right, and that the court below erred in discharging the garnishee.

Action in the district court for St. Louis county to recover $7,565.24 for work and labor performed. The First National Bank of Duluth was garnished. From an order, Cant, J., discharging the garnishee, plaintiffs appealed. Reversed.

*Washburn, Lewis & Bailey,* for appellants.

It is the duty of the claimant to appear and maintain its rights, and not that of the garnishee or of the court to maintain them for it without proper evidence. Smith v. Barclay, 54 Minn. 47;

North Star B. & S. Co. v. Ladd, 32 Minn. 381. The plaintiff is entitled to a trial of the ownership of the funds in the hands of the garnishee in the ordinary way. To discharge the garnishee before such trial, is error. Leslie v. Godfrey, 55 Minn. 231. Plaintiff has an absolute right to have the claimant summoned and interplead. Rood, Garn. § 337; Drake, Attach. § 530; Easton v. Lowery, 29 Ala. 454; National v. Miller, 77 Ala. 168; 8 Am. & Eng. Enc. 1178. To permit the garnishee to file a general denial in the form of an ex parte affidavit would defeat the right of plaintiff to examine the garnishee, and constitute the garnishee the exclusive judge of the law, as well as of the facts. Peterson v. Lake Tetonka Park Co., 72 Minn. 263. If the claimant had appeared, the burden would have been upon it to plead and prove its right. Smith v. Barclay, supra; Conroy v. Ferree, 68 Minn. 325.

*Draper, Davis & Hollister,* for respondent garnishee.

If the disclosure of the garnishee leaves any doubt as to its indebtedness, it must be discharged. Cole v. Sater, 5 Minn. 378 (468); Vanderhoof v. Holloway, 41 Minn. 498. A garnishee has a right to introduce other evidence in addition to his own testimony. G. S. 1894, § 5323; Leighton v. Heagerty, 21 Minn. 42; Willard v. Sturtevant, 7 Pick. 194; Kelly v. Bowman, 12 Pick. 383; Chase v. Bradley, 17 Me. 89; Bell v. Jones, 17 N. H. 307. Plaintiff in garnishment proceedings acquires no greater rights against the garnishee, than the defendant himself possesses. Harris v. Phœnix, 35 Conn. 310; U. S. v. Robertson, 5 Pet. 641; Drake, Attach. (6th Ed.) § 462; Daniels v. Clark, 38 Iowa, 556. Being a remedy unknown at common law, garnishment may be employed only in such cases as come within the purview of the statute. Parker v. Farr, 2 Browne (Pa.) 331; May v. Baker, 15 Ill. 89.

The court will not indulge in any presumption to help a particular case. Weimeister v. Manville, 44 Mich. 408. There must be at least constructive notice served upon the defendant in the main action, and where attempted service by publication upon him was illegal, jurisdiction of the fund was not acquired by service of process on the garnishee. Dorr v. Rohr, 82 Va. 359. Appellants' attempted procedure would deprive the real owner of his property

without due process of law, and be no protection to the garnishee. See Stuart v. Palmer, 74 N. Y. 183.

COLLINS, J.[1]

The main facts in this case are that, in an action for the recovery of money brought by plaintiffs against defendant corporation, which for convenience we will call the "Tank Company," doing business in Pittsburg, Pennsylvania, an affidavit of garnishment was filed, and a garnishee summons duly served upon the First National Bank of Duluth.

On March 17, 1898, the bank appeared by its cashier, and made disclosure; plaintiffs' attorneys having filed an affidavit of the non-residence of the Tank Company. From this disclosure it appeared that when the garnishee summons was served the garnishee held in its hands, for collection, an order of the city of Duluth on the city treasurer for the sum of $7,343.85, payable to the Tank Company or its order, and indorsed by such company and by the Exchange National Bank of Pittsburg and by the Commercial National Bank of Chicago; that this order had been forwarded to the garnishee for collection by the last-named bank; and that, after the service of the garnishee summons, the money due on this order had been paid to the garnishee, so that it held the money, instead of the order, at the time of the disclosure. The indorsements on the order did not show whether either of the banks was the owner thereof, or was an agency for collecting the same.

There was also submitted, as part of the disclosure, and without objection, an affidavit made by the cashier of the Pittsburg bank, in which he stated that the indorsement and delivery of the order on February 16, 1898, by the Tank Company, payee, to the bank, were in the usual course of business; that thereupon the amount thereof was credited to the account of the company, and had been checked against by it; and that the Pittsburg bank was the bona fide holder and owner of the order, and as such had indorsed and delivered it, in the usual course of business, to the Chicago bank. It does not appear that anything further occurred at the disclosure.

[1] The Chief Justice did not sit in this case.

Later (just when is not shown) the attorneys for the garnishee noticed a motion for April 23 for the discharge of the garnishee.

April 18 the attorneys for the plaintiffs, upon affidavits, moved for an order of the court requiring the Pittsburg bank to appear as a claimant in the garnishment proceeding, and maintain its asserted right to the order and to the proceeds of the same, and for a further order directing in what manner, and how, notice to appear should be given to or served upon such claimant. This was done under the provisions of G. S. 1894, § 5318.

Prior to April 20 (the exact day not being shown) the order of the court was made as demanded in plaintiffs' motion, which required the bank to appear within 20 days after service of such notice by a copy thereof duly mailed to the address of such bank at Pittsburg, and by six weeks' publication in a Duluth newspaper, and maintain its right, or that it would be barred of its claims.

The bank was also made a party to the proceeding by this order, to be bound by the judgment as if it had been an original party. A copy of the order was duly mailed to the bank, and it was also published as directed; and, in so far as is shown by the record here, this order of the court stood in full force and effect when the court made the order appealed from, which is of date June 30, discharging and releasing the garnishee from all liability or obligation arising out of the service of the garnishee summons.

We need not consider the fact that this order was made while that which required the Pittsburg bank to appear as a claimant was in full force and effect. It is unnecessary.

It is urged by counsel for the garnishee that, from the indorsements upon the order itself and from the disclosure, it conclusively appeared that the Pittsburg bank was the absolute owner of the order, and for this reason the motion to discharge and absolve the garnishee was correctly disposed of. Instruments of this kind are simply orders of one officer of a municipal corporation upon another officer for the disbursement of public funds. Although negotiable in form in some instances, they are not negotiable paper in any sense. Board of Co. Commrs. v. Nelson, 51 Minn. 79; 52 N. W. 991.

And again, although a copy of the order does not appear in the

record, we must presume that the charter provision (Sp. Laws 1887, c. 2, subc. 9, § 12) which requires all city orders to specify the purpose for which they are drawn, and the fund from which payable, was complied with; and, if so,—if there was no other reason,—the order would not be a negotiable instrument. Conroy v. Ferree, 68 Minn. 325, 71 N. W. 383.

Even if this order had been negotiable paper, in a strict sense, the disclosure, including the affidavit of the bank cashier, would not have conclusively established title and ownership in the Pittsburg bank. In re State Bank, 56 Minn. 119, 57 N. W. 336; Security Bank v. Northwestern Fuel Co., 58 Minn. 141, 59 N. W. 987; Brusegaard v. Ueland, 72 Minn. 283, 75 N. W. 228.

The order in question was drawn payable to the order of the principal defendants, and it was admittedly their property, and subject to garnishment, unless it had been sold and disposed of to the Pittsburg or to the Chicago bank prior to the garnishment.

It appeared from the evidence taken at the disclosure that the Pittsburg bank claimed an interest and full ownership of the instrument by virtue of a matter which existed prior to the service of the garnishee summons, and, as it did not voluntarily appear, plaintiff obtained an order for a notice to appear, for service upon it. This was the proper procedure, and it was not a case for a supplemental complaint, as provided in section 5319. Smith v. Barclay, 54 Minn. 47, 55 N. W. 827; Conroy v. Ferree, supra.

The order discharging the garnishee is reversed.