ERNEST F. SMITH and Another v. WILLIAM MEYER and Another.[1]

November 29, 1901.

Nos. 12,740—(95).

## Garnishment—Intervention—Pleading.

> In garnishee proceedings herein the respondent, as claimant, intervened by leave of the court, and filed his complaint setting up his alleged title to the property garnished, to which the plaintiffs interposed a general demurrer. *Held*, that it was not necessary to allege in the complaint what already appeared from the record in the action as to the garnishee proceedings, and, further, that the allegations of the complaint show an equitable assignment to the intervenor of the property garnished.

Action in the district court for Hennepin county against William Meyer and another, defendants and First National Bank of Fairmont, garnishee. The garnishee disclosed certain notes and book accounts placed in its hands by defendants, and held by the garnishee subject to two orders in favor of Aultman, Miller & Co., a corporation which upon its application was thereafter permitted to intervene. The orders referred to are set out in the opinion. From an order, Brooks, J., overruling a demurrer to the complaint of intervention, plaintiffs appealed. Affirmed.

*Arthur G. Morey*, for appellants.

*Charles S. Cairns*, for respondent.

START, C. J.

The plaintiffs caused a garnishee summons to be issued in this case, which was served on the garnishee on October 27, 1900, which appeared and disclosed facts tending to show that the intervenor, Aultman, Miller & Co., was entitled to the property disclosed to be in the possession of the garnishee, consisting of certain promissory notes and book accounts, which it received from the defendants. The trial court, on the application of the intervenor, made its order granting it leave to intervene in the action by complaint to be filed and served within ten days from the date of the order.

[1] Reported in 87 N. W. 1122.

The intervenor accordingly intervened, and filed and served its complaint, which is to the effect following: The intervenor is a corporation, and the same party mentioned in the disclosure of the garnishee, and it intervenes herein by virtue of the order of the court granting it permission so to do. The defendants, on September 28, 1900, were indebted to the intervenor in the sum of $875, for which they gave to it their promissory note mentioned in the disclosure of the garnishee. At this time they were indebted to the garnishee, and as collateral security therefor had deposited with it certain promissory notes to them belonging. They were at this time also indebted to a third party, with whom they had deposited certain other notes as collateral security for the payment of such indebtedness. Thereupon the defendants, the garnishee, and the intervenor entered into an agreement whereby the garnishee should pay such third party, and receive the securities held by it, and hold them, with those already in its hands, with certain book accounts owing by various parties to the defendants, as security—First, for the payment of its own debt and its advances so to be made to such third party; and, second, for the payment of the intervenor's note of $875 against the defendants; and, further, that when the debt and advances of the garnishee were paid such notes and accounts should be subject to the order and control of the intervenor, and thereafter all payments upon such securities should be applied upon the intervenor's note. The debt of the third party was paid by the garnishee, and the collateral securities held by it were transferred to the garnishee, and the book accounts assigned to it pursuant to such agreement. Afterwards the defendants, in pursuance of such agreement, and so that the garnishee and intervenor might have a writing to show the application to be made of any sums collected on such securities when the indebtedness to the garnishee was paid, executed in duplicate, delivering one of each to the garnishee and intervenor, respectively, two certain orders, which were in the words following:

"Fairmont, Minn., Oct. 2, 1900.

"First National Bank,
          "Fairmont, Minn.
     "Gents:
     "You will please apply on our note due Aultman, Miller & Co., of $875.80, in your hands for collection, all money received by you from notes and accounts in your hands due us after note given to First National Bank is paid, until said note is fully paid to Aultman, Miller & Co.                          Meyer & Reko."

"Fairmont, Minn., Nov. 17th, 1900.

"First National Bank,
          "Fairmont, Minn.
     "Gents:
     "You will please deliver to Aultman, Miller & Co., or their representative, the bearer, Sylvester Hill, all money collected from our collaterals in your hands, and all notes and accounts belonging to us and in your hands, and oblige,
                                "Yours truly,
                                     "Meyer & Reko."

These are the same orders mentioned in the disclosure of the garnishee. The indebtedness to the garnishee had been paid before the garnishee summons was served, and the garnishee was then holding such securities as the agent of the intervenor, and for its use and benefit only. The prayer of the complaint of intervenor was that the garnishee deliver to the intervenor the notes and accounts and all money in its hands collected thereon. The plaintiffs made and served a general demurrer to this complaint of intervention. The trial court made its order overruling the demurrer, from which the plaintiffs appealed.

The first reason urged in support of the demurrer is to the effect that the complaint fails to allege the fact that garnishee proceedings had been instituted and the property claimed attached; or, in other words, it is claimed that all of the prior garnishee proceedings must be alleged. It is neither necessary nor proper to do so, for such allegations can serve no purpose except to clog the record with needless repetitions. The right or duty of the intervenor to intervene and assert his claim to the garnished property, if any he has, arises upon the record in the garnishee proceedings; and it is not necessary, either in the complaint of intervention or in the answer thereto, to allege what already ap-

pears from the record in the action. G. S. 1894, § 5318; Smith
v. Barclay, 54 Minn. 47, 55 N. W. 827.

It is further urged that the complaint does not show that the
notes and accounts referred to in the complaint are the same as
mentioned in the disclosure of the garnishee. While there is no
direct allegation of this fact in the complaint, yet its allegations
and the disclosure of the garnishee clearly show that the inter-
venor claims the notes and accounts in the hands of the garnishee,
and none other. Again, the application upon which the order of
the court permitting the intervenor to intervene was made states
that it claims the property disclosed by the garnishee, and this
claim was necessarily the basis of the order.

It is also claimed that the complaint does not show that the
agreement therein alleged was made prior to the service of the
garnishee summons. The complaint alleges that the agreement
(not the orders) was made on September 28, 1900, and that at the
time of the service of the garnishee summons the indebtedness
from the defendants to the garnishee, to secure which the notes
and accounts were pledged pursuant to the agreement, had been
paid. It is true that the order for the delivery of the collaterals
to the intervenor was made after the service of the garnishee
summons. But its alleged title to the notes and accounts does
not depend upon this order, for the allegations of the complaint
show a valid prior agreement, whereby the notes and accounts
were pledged, subject to the prior lien of the garnishee, to secure
the payment of the defendants' note to the intervenor. This
agreement was supplemented by the order made prior to the
service of the garnishee summons, and on October 2, 1900. The
prior agreement is not merged in this order, nor are they con-
tradictory to each other, as claimed by plaintiffs, for the order
directs the application of all money collected from the collat-
erals precisely as provided for by the agreement. The allega-
tions of the complaint upon their face show that the notes
and accounts subject to the prior claim of the garnishee were
equitably assigned to the intervenor before service of the gar-

nishee summons. Second Nat. Bank v. Sproat, 55 Minn. 14, 56 N. W. 254.

It follows that the demurrer was properly overruled.

Order affirmed.