# M. D. MATTOX v. ROY E. CURTIS.

## J. N. OLSON, GARNISHEE.[1]

May 3, 1918.

No. 20,827.

**Garnishment.**

A garnishee disclosed that he owed defendant $150 for work and labor

[1]Reported in 167 N. W. 424.

at the time he was served with garnishee summons. Between that time and the return day defendant issued three orders in favor of a materialman and two laborers on the work, but they were not paid. Plaintiff entered judgment against defendant and moved for judgment against the garnishee. Plaintiff appealed from an order denying the motion and discharging the garnishee. The time for filing liens had expired and no lien statement had been filed. There was no evidence that the claims were valid or the claimants entitled to a lien. *Held*: The burden was on the claimants to plead and prove that the fund belonged to them. They did not do that, and the motion for judgment against the garnishee should have been granted. [Reporter.]

Action in the district court for Kandiyohi county to recover $63.75 for work and labor. J. H. Olson was served with garnishee summons, appeared on the return day and made disclosure. See first paragraph of the opinion. Plaintiff's motion for judgment against the garnishee upon the pleadings for $91.52 was denied, and judgment ordered discharging the garnishee, Qvale, J. From the order discharging the garnishee, plaintiff appealed. Reversed with directions to grant the motion of plaintiff for judgment against the garnishee.

*J. N. Johnson*, for appellant.

No appearance for respondent.

PER CURIAM.

In this action for the recovery of $63.75 from defendant, a garnishee summons was served on the garnishee April 17, 1917, and notice thereof served upon defendant the next day. On the return day the garnishee appeared before the clerk and made disclosure. Defendant did not appear. The disclosure of the garnishee showed this situation: He had the contract with the owner for the erection of a building in Canby, and sublet to defendant the ornamental plastering work at the agreed price of $300. At the time the garnishee summons was served defendant had completed his work; he had been paid $150 on account before this, and, as the garnishee testified, there was $150 due defendant at the time of the service. The garnishee further disclosed that in May, 1917, after the garnishee summons was served but before the return day, defendant issued three orders on the garnishee in favor of a materialman and two laborers. These orders aggregated about $136. Liens were not filed against the property. The orders have not been paid by the garnishee. On this disclosure plaintiff moved for judgment against the garnishee for the amount of his claim against defendant, which had been in the meantime reduced to judgment. The court denied this motion, and discharged the garnishee. From this order plaintiff appeals to this court.

We are unable to sustain the order appealed from. The disclosure showed clearly that the garnishee owed defendant $150 at the time the garnishee

summons was served.  The orders had not been presented or even given at that time.

The court said there was no question but that each claimant was entitled to the amount stated in his orders, and that each had a lien upon the building to the amount of his claim, though no lien statements were ever filed, and the time had expired when the motion for judgment was heard. We find no evidence whatever that the claims were valid or that the claimants were ever entitled to a lien on the property of the owner.  The fact that the orders were given is no evidence that the claims were valid. It was necessary, and would have been, though the orders were prior to the garnishment, to prove the indebtedness upon which they were based before a denial of the motion for judgment would be proper.  The burden was on the claimants to plead and prove that the fund belonged to them.  Conroy v. Ferree, 68 Minn. 325, 71 N. W. 383.

In short, the disclosure of the garnishee showed conclusively that he was indebted to defendant in the sum of $150 at the time the garnishee summons was served, and the evidence in regard to the giving of the orders failed to show that the claimants had any right to the fund.

The order is reversed with directions to grant the motion of plaintiff for judgment against the garnishee.