PARKE, DAVIS & COMPANY v. HARRY D. MEWHIRTER.
E. J. YOUNG AND ANOTHER, GARNISHEES.
ANDREW G. DUNLOP, RECEIVER.[1]

November 4, 1921.

No. 22,392.

**Garnishment — trial of issues made upon disclosure.**

1. If a plaintiff in a garnishment proceeding desires to take issue on the disclosure of the garnishee, or if there be a claimant of the fund or property garnished, our statutes contemplate a trial of the issue upon evidence as in ordinary litigated actions.

**Bankruptcy act inapplicable to controversy in state court, when.**

2. The provision of the bankruptcy act, giving a bankruptcy court power to determine, in a summary manner, certain controversies over right to property of the bankruptcy, is not important in the determination of a controversy in a state court where the bankruptcy court has not acted in the premises.

**Insolvency of garnishee.**

3. The showing of the receiver in bankruptcy that the bankrupt was insolvent at the time of the commencement of a garnishment proceeding was prima facie sufficient.

Action in the district court for Hennepin county. The facts are narrated in the first paragraph of the opinion. From an order, Leary, J., dismissing the garnishment proceedings, plaintiff appealed. Reversed.

*Lightner & Young,* for appellant.

*Charles Burke Elliott* and *George W. Caldwell,* for respondents.

Hallam, J.

1. On December 24, 1920, plaintiff sued defendant and commenced garnishment proceedings. The garnishees were at that time in possession of property belonging to defendant. On January 6, an involuntary

[1]Reported in 185 N. W. 648.

petition in bankruptcy was filed against defendant and on January 29, 1921, he was adjudged bankrupt and a receiver appointed. On January 31 the garnishees made their disclosure. Thereupon the receiver made application to the court, showing the adjudication of bankruptcy and his appointment as receiver, and representing that the possession of this property was withheld from the receiver by the garnishees and asked that the garnishment proceedings be dismissed. The hearing was upon affidavits. Plaintiff objected that the court could not properly dismiss the garnishment proceeding before plaintiff's rights acquired thereunder had been adjudged void in a plenary suit. The court dismissed the garnishment and made a finding, that the receiver "is in possession of the property against which this garnishment lien is being claimed and asserted." On what showing this finding was made does not appear.

We think the contention of plaintiff should have been sustained. Our statutes very clearly outline the practice in garnishment proceedings. If the plaintiff desires to take issue on the disclosure of the garnishee, he may file a supplemental complaint for that purpose. G. S. 1913, § 7870. If there be a claimant of the fund or property garnished, the claimant is made a party to the proceeding. G. S. 1913, § 7869. In both cases the statute contemplates a trial, not in a summary manner upon affidavits, but upon evidence taken as in ordinary litigated actions. G. S. 1913, § 7870; Donnelly v. O'Connor, 22 Minn. 309; Wildner v. Ferguson, 42 Minn. 112, 43 N. W. 794, 6 L.R.A. 338, 18 Am. St. 495. We think plaintiff's objection was sufficient to preserve its rights in these particulars.

2. Reference is made to the Federal decisions holding that, where property is in custody of a bankruptcy court, the court may in a summary manner determine the validity of claims asserted against it. First Nat. Bank v. Chicago Title & Trust Co. 198 U. S. 280, 25 Sup. Ct. 693, 49 L. ed. 1051; Stone-Ordean-Wells Co. v. Mark, 227 Fed. 975, 142 C. C. A. 433. It is a well-settled principle that any court, having custody of property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession or control of the property. This does not arise out of any provision of the bankrupt act. The

principle is applicable to all courts, Federal and state. Murphy v. John Hofman Co. 211 U. S. 562, 569, 570, 29 Sup. Ct. 154, 53 L. ed. 327. The fact that, under the bankruptcy act, this jurisdiction may be exercised in the bankruptcy court in a summary manner, is not very important here. That court has not acted in the premises, and, until it does so, the question of its power to act does not concern us here, nor does the question of proper practice in that court concern us.

It may be noted that the property was not in the custody of the bankruptcy court at the time the motion to dismiss the garnishment was made. It is at least doubtful whether the summary jurisdiction of that court could be exercised under those conditions. Fountain v. 624 Pieces of Timber, 140 Fed. 381; In re New England Breeder's Club, 175 Fed. 501.

3. In this view of the case some of the questions argued become immaterial. We may say, however, that plaintiff's contention that the receiver failed to make a prima facie showing of insolvency of defendant at the time the garnishment proceeding was commenced is not well taken. The affidavits submitted, taken altogether, were, in our opinion, sufficient for that purpose.

Order reversed.