LINCOLN NATIONAL BANK OF MINNEAPOLIS v. FRANKLIN W. MURPHY.

TOWEL-JAMIESON INVESTMENT COMPANY AND ANOTHER, GARNISHEES.

STATE BANK OF WHEATON, CLAIMANT.[1]

June 30, 1922.

No. 22,872.

**Garnishment—controverted issues in intervener's complaint to be tried before discharge of garnishee.**

Where a garnishee discloses that the proceeds of a loan to defendant are in his possession and also an order directing payment of the same to a third party, and the third party files a complaint in intervention asserting ownership of the proceeds of the loan, and plaintiff by answer denies the material allegations of such complaint, the garnishee should not be discharged without a trial of the issues so raised.

Action transferred to Traverse county to recover $20,000 on a promissory note. Plaintiff garnisheed the Towle-Jamieson Investment Company and The Prudential Insurance Company of America. The garnishees appeared and made disclosures as stated in the second paragraph of the opinion. From an order, Flaherty, J., granting defendant's motion to discharge the garnishees, plaintiff appealed. Reversed.

*Kingman, Cross, Morley & Cant*, for appellant.

*V. E. Anderson, C. E. Houston, James B. Ormond, George M. Bleecker* and *Shearer, Byard & Trogner*, for respondent.


TAYLOR, C.

This is an appeal by plaintiff from an order discharging the garnishees.

It appeared from the disclosures of the garnishees that the defendant had made an application to them through the State Bank of

[1]Reported in 189 N. W. 433.

Wheaton for a loan upon certain real estate owned by him in Traverse county; that they had agreed to make the loan; that the defendant had executed the notes and mortgage therefor and had transmitted them through the bank to the garnishees together with an order directing the garnishees to pay the proceeds of the loan to the bank; and that the garnishees were in the act of drawing a check for the purpose of paying the proceeds of the loan to the bank pursuant to such order when the garnishee summons was served upon them. At the close of the disclosure the bank appeared voluntarily and served and filed a complaint in intervention asserting ownership of the fund and alleging that it had been assigned and transferred to the bank for a good and sufficient consideration by the order above mentioned which was set forth in full. The plaintiff interposed an answer to this complaint admitting the making and delivery of the order by the defendant and also certain other facts not here material, and putting in issue all other allegations of the complaint by a general denial. Thereafter the defendant made a motion to discharge the garnishees which was granted, and the appeal is from the order granting this motion.

It is sought to sustain the order on the ground that the disclosure did not admit an indebtedness to defendant and did not entitle plaintiff to a judgment against the garnishees. If no further proceedings had been taken and plaintiff had submitted the matter to the court to determine on the disclosure, perhaps the order might be sustained. But this was not the situation. The bank appeared and asserted its claim to the proceeds of the loan in the manner authorized by the statute, G. S. 1913, § 7869, and plaintiff, by its answer, put in issue the validity of the transfer of the funds to the bank. The motion was made by the defendant only. Neither plaintiff nor the bank rested its claim to the fund on the disclosure made by the garnishees, but each took proper steps to put itself in position to establish its claim by evidence outside the disclosure. The complaint in intervention and the answer thereto raised substantial issues which the parties were entitled to have tried and determined in the usual way, and the court erred in disposing of the matter on the disclosure without a trial. Smith v. Barclay, 54 Minn. 47, 55 N. W. 827; Leslie v. God-

frey, 55 Minn. 231, 56 N. W. 818; Conroy v. Feree, 68 Minn. 325, 71 N. W. 383; King v. Carroll-Porter B. & T. Co. 74 Minn. 470, 77 N. W. 409; Parke, Davis & Co. v. Mewhirter, 150 Minn. 234, 185 N. W. 648.

Order reversed.