HANCOCK-NELSON MERCANTILE COMPANY v. MIDWEST FOOD PACKERS OF MARION, INDIANA. COMMERCIAL STATE BANK OF ST. PAUL, GARNISHEE.[1]

January 30, 1931.

No. 28,248.

[1]Reported in 234 N. W. 696.

*Paul Bremer* and *Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*Thompson, Hessian & Fletcher* and *Carleton F. Boeke,* for plaintiff-respondent.

HILTON, J.

The garnishee appeals from a judgment in favor of plaintiff in the sum of $643.74.

This action was begun on November 22, 1928, against defendant to recover damages in the sum of $576.75 for breach of implied warranty in the sale to plaintiff of a carload of catsup in July, 1928.

Defendant is a foreign corporation located in Marion, Indiana. Immediately prior to the commencement of this action defendant had sold another carload of catsup to plaintiff, drawing a draft with bill of lading attached on plaintiff payable to the Grant Trust & Savings Company of Marion, Indiana (hereinafter referred to as the "company" or "claimant"). The draft was indorsed by that institution payable to the order of any bank, banker, or trust company and forwarded for collection to the Illinois Merchants Trust Company of Chicago, and by it indorsed payable in the same manner and forwarded to the Commercial State Bank of St. Paul, the garnishee herein. Upon presentment the draft was paid by plaintiff and the bill of lading taken up.

With the beginning of this action garnishment process was served on the garnishee. On December 22, 1928, the garnishee made its disclosure. Claimant first appeared specially thereat by its attorney. The defendant did not appear. The garnishee admitted that it had in its possession $2,165.80, the proceeds of the draft, but did not admit that it owed anything to defendant, stating that it did not know to whom the money belonged.

On the date the disclosure was taken the claimant later appeared generally by its attorney and moved the court for an order

releasing the proceeds of the draft from the lien of the garnishment on the ground that such proceeds belonged to it. This motion was based upon two affidavits, one by an officer of claimant and the other by an officer of the defendant, each stating that the draft with bill of lading attached had been unconditionally purchased by claimant; that it was the owner of the draft and its proceeds; and that defendant had no claim or title thereto or to any part of said funds. This motion was denied on the ground that claimant was a stranger to the action and could not so obtain the relief sought by motion, but, as a third party, claimant should file a complaint in intervention.

Proper service of the summons and complaint having been made on defendant and no answer interposed, judgment was entered against it by default on July 18, 1929, for $585.75. On that day an execution was issued; the sheriff of Ramsey county levied upon all moneys, debts, or credits in the hands of the garnishee accruing to the defendant. Following such levy the garnishee reported the situation to the sheriff as it had shown it to be at the disclosure.

On October 3, 1929, plaintiff made and filed with the clerk of the district court an affidavit setting out said judgment, levy, and return and alleging on belief that said return was not full and complete. On October 8, 1929, plaintiff obtained an order from the court directing the garnishee to appear before a referee and make further disclosure. This disclosure was made on October 11, 1929. The draft was produced by plaintiff with the indorsements thereon. It was stamped "no protest," the meaning of which words was explained by testimony. It further appeared that defendant had in January, 1929, given to the garnishee a bond for $1,000 to secure the release of the proceeds of the draft and that such proceeds were sent by the garnishee to the Illinois Merchants Trust Company, an intermediary collection agency.

On December 14, 1929, plaintiff moved the court (under G. S. 1923 [2 Mason, 1927] § 9367) for leave to serve and file a supplemental complaint making the garnishee a party defendant in the action and requiring it to serve its answer to the supplemental

complaint. The motion was based on "all files, proceedings and records herein, including the garnishee disclosures and further dis- closures of the bank heretofore filed herein, and upon the grounds that said disclosures, and each of them, show that there is probable cause to believe that the sum of $2,165.80 disclosed by the Com- mercial State Bank of St. Paul was the property of the defendant, Midwest Food Packers of Marion, Indiana, and that the garnishee bank, upon full disclosure, denies its liability as such."

At the hearing on said motion held December 14, 1929, the claim- ant and defendant appeared specially by the same attorney. The grounds of the opposition appear later in this opinion. The motion was denied on December 23, 1929.

On December 28, 1929, plaintiff upon proper showing procured an order from the referee making claimant a party to the action and notifying it to appear January 20, 1930, and set up its claim to the moneys in the hands of the garnishee or be barred from any claim thereto. Service was made by mail on claimant and per- sonally on its attorney. Claimant did not appear.

On January 18, 1930, pursuant to notice, the garnishee moved the court for an order discharging it from liability; again defend- ant and claimant appeared specially by the same attorney. This motion was denied on February 4, 1930. On June 6, 1930, a judg- ment was entered in the district court barring claimant from any claim to the moneys impounded in the action. At a special term of court held June 7, 1930, notice thereof having been given and duly served upon defendant, the garnishee, and claimant, judgment was entered against the garnishee for the proper amount. No one appeared for defendant or claimant. The judgment was entered on August 2, 1930, for $643.74.

Summarized, the claims of appellant (garnishee) are: That the record and evidence upon which the motion and order for judg- ment were made show that it had no liability to defendant; that the fund in its hands was not the property of defendant but that of a third person, a stranger to the action (claimant) which was never made a party to the garnishment proceedings; that no order of

the court joining it as a party and ordering it to appear and maintain its rights was ever applied for or served upon it; that no valid judgment barring its claim was ever entered; and that the order for judgment and the judgment entered were not justified by the evidence and are contrary to law.

■ G. S. 1923 (2 Mason, 1927) §§ 9366 and 9367, provides:

"9366. If it appear from the evidence, or otherwise, that any person not a party to the action has or claims an interest in any of the garnished property antedating the garnishment, the examining officer may permit such person to appear in the action and maintain his right; and if he do not so appear, may direct that he be notified to appear or be barred of his claim. The notice in such case may be served in any manner that such officer shall direct, and the person so appearing or notified shall be joined as a party to the action and be bound by the judgment.

"9367. *. * * where the garnishee, upon full disclosure, denies his liability as such, the plaintiff may move the court at any time before the garnishee is discharged, on notice to both the defendant and garnishee, for leave to file a supplemental complaint making the latter a party to the action, and setting forth the facts upon which he claims to charge him; and, if probable cause is shown, such motion shall be granted. * * *"

At the time the motion was made for leave to file a supplemental complaint, it was opposed on the ground that the plaintiff should have proceeded under § 9366 rather than as it did, under § 9367. The court adopted that view. Proceedings were then had by the referee under § 9366, the claimant failed to appear, and plaintiff procured an order for judgment barring it from any right. The judgment was entered. It is contended with much force by plaintiff that the garnishee is estopped from asserting its present position, inconsistent as it is with the one taken at the hearing on plaintiff's application to serve and file a supplemental complaint.

The evidence at the disclosure indicated that claimant, the Illinois Merchants Trust Company, and the garnishee were collection

agents. The indorsements and the "no protest" feature were more than suggestive thereof. The garnishee admitted that the draft had all the "earmarks" of a collection instrument. The circumstance that defendant executed a bond to the garnishee is significant. If the claimant purchased the draft and the proceeds to be derived therefrom (an absolute, unqualified sale) there could be no recourse on defendant. Why then- a bond from the defendant to the garnishee to protect it in releasing the funds?

The procedure adopted in this case by claimant was peculiar. It appeared specially at the first disclosure; later it appeared generally and by affidavits sought to establish its claim to the money. (Title or right to property cannot be established by affidavit; Parke, Davis & Co. v. Mewhirter, 150 Minn. 234, 185 N. W. 648; Lincoln Nat. Bank v. Murphy, 152 Minn. 435, 189 N. W. 433.)

Claimant had submitted itself to the jurisdiction of the court. It had the right, as stated by the court, to file a complaint in intervention, but it did not do so. Then appearing specially, it opposed the filing of a supplemental complaint and still later appeared in favor of the discharge of the garnishee. When required by order under the statute to appear in the action and assert its rights or be barred, it failed to appear. Ample opportunity was given to establish a meritorious claim if it had one.

There was no evidence that claimant was the owner of the money. Originally the claim (later evidence by the draft which eventually produced the money in possession of the garnishee) belonged to the defendant. All of the striking circumstances relative to the transaction point to a continuance of that ownership. The court in its memorandum stated:

"If the money did not belong to the defendant, the fact that the Grant Trust & Savings Company did not appear [in response to the referee's order] would not make it garnishable. However, it was the money of the defendant at the time it drew the draft, payable to that company [claimant] and, therefore, with that company eliminated, it seems to me that it is proper to enter judgment against the garnishee."

We think the conclusion reached by the trial court was correct.

■ The referee who made the order of December 28, 1929, was an authorized officer appointed by the court. The provisions of § 9366 were correctly complied with. It empowered the referee to proceed in the manner he did without a court order; one was not necessary. Smith v. Barclay, 54 Minn. 47, 55 N. W. 827. No attention was paid by claimant to the order of the referee.

■ In the proceedings the claimant at times was referred to as the Grant Trust & Savings *Company* and at other times as the Grant Trust & Savings *Bank*. Each of these two names at times was used by its attorney and by others connected with the case. Service of papers in the proceedings was made upon the right concern in every instance and on the attorney appearing for it. No one was misled by the use of different names; no one was prejudiced thereby. The claimant was bound by the proceedings. Ordean v. Grannis, 118 Minn. 117, 136 N. W. 575, 1026, L. R. A. 1915B, 1149 (affirmed in 234 U. S. 385, 34 S. Ct. 779, 58 L. ed. 1363) ; State v. Brin, 30 Minn. 522, 16 N. W. 406.

From an examination of the entire record we find no ground for reversal.

Judgment affirmed.