ABRAHAM J. CUMMINGS v. EDWARDS-WOOD COMPANY and Others.[1]

Nos. 14,436, 14,437, 14,438—(73, 74, 75).[2]

June 2, 1905.

**Appeal—Discharge of Garnishee.**

An order discharging a garnishee for any cause is appealable.

**Effect of Order.**

Such an order releases all property of defendant in the hands of the garnishee, and, if no supersedeas bond be given on appeal from the order, the appeal does not affect the right of the defendant to demand from the garnishee the property in his hands.

March 16, 1906.

**Garnishment.**

Under section 5306, garnishment proceedings are authorized in actions in tort.

In an action in the district court for Ramsey county to recover fifty thousand dollars damages for injury to plaintiff's business by reason of an alleged conspiracy on the part of defendant corporation and its officers to destroy it, plaintiff began garnishment proceedings against the St. Paul National Bank and two other banks to reach the funds of defendants. From an order of the court, Kelly, J., directing the discharge of the garnishee, plaintiff appealed. Reversed.

*Henry C. James,* for appellant.

*Harris Richardson* and *Harold C. Kerr,* for respondents.

On June 2, 1905, the following opinion was filed:

PER CURIAM.

A motion by the defendants to dismiss the appeal herein, or, in case that is denied, that the rules be relaxed, and this appeal be set down for hearing at the present term, was brought on for hearing on an order to show cause.

1. The appeal was from an order of the district court of the county of Ramsey discharging garnishment proceedings herein, and discharging the garnishees. It is the contention of the defendants that the

[1] Reported in 103 N. W. 709, 106 N. W. 304.  [2] October, 1905, term.

order is not appealable. In Croft v. Miller, 26 Minn. 317, 4 N. W. 45, it was held that an order for judgment against a garnishee was not appealable. In McConnell v. Rakness, 41 Minn. 3, 42 N. W. 539, it was held that an order discharging an assignee after examination was appealable. It is, however, urged by defendants that inasmuch as there was no examination of the garnishees in this case, but they were discharged because garnishment would not lie in this case, the last case cited is not in point. In principle they are the same, and we hold that an order discharging a garnishee for any cause is appealable, for it puts an end to the proceedings against him. The statute does not provide for a judgment in his favor for costs, from which an appeal can be taken.

2. The reason urged for relaxing the rules and speeding the hearing of the appeal is that some $40,000 of the defendants' money is tied up by the garnishment proceedings, and that the garnishees refuse to pay any part of the money to the defendants until the appeal is determined, which cannot be until the next term of this court, unless the motion be granted. If this be correct, a strong case for the exercise of our discretion is presented. But the plaintiff gave no supersedeas bond on his appeal—simply a cost bond. Such being the case, the order discharging the garnishees remains in full force, and its effect is not only to discharge the garnishees, but also to release the money in their hands which was impounded by the dragnet attachment of garnishment. Therefore the pendency of the appeal affords the garnishees no legal excuse for not honoring the checks of the defendants upon them for the money of the defendants in their hands. G. S. 1894, § 6142; Ryan Drug Co. v. Peacock, 40 Minn. 470, 42 N. W. 298.

The reason upon which the motion is based failing, it follows that the motion must be denied.

Motion denied and order discharged.


On March 16, 1906, the following opinion was filed:

LEWIS, J.

Action in tort to recover damages caused by the alleged conspiracy to destroy plaintiff's business. At the time of filing the com-

plaint affidavits in garnishment were filed and a garnishee summons was issued and served upon three separate garnishees. This appeal was taken from the orders of the trial court discharging the garnishees upon order to show cause.

Does the statute authorize garnishment proceedings in an action in tort, is the question presented.·

Section 5306, G. S. 1894, provides that garnishee summons may issue "in any action in a court of record or justice's court, for the recovery of money." In the General Statutes of 1866, the provision for garnishment was as follows: "In any action in a court of record or justice's court founded upon contract, express or implied," etc. Section 147, chapter 66. By section 128 of that chapter, attachment proceedings were authorized, "in an action for the recovery of money," etc. It will be noticed.that garnishment according to the statutes of 1866 was expressly limited to actions founded upon contract, whereas, attachment was unrestricted as respects the nature of the action.

As early as 1860, the statute on the subject then being the same as in the statutes of 1866, this court held, that attachment was authorized in any action for the recovery of money whether sounding in tort or contract. Davidson v. Owens, 5 Minn. 50 (69). The law, as thus determined, remained unchanged until 1867 when the legislature amended section 147, chapter 66, supra, (the garnishment provision) to make it read: "In any action in a court of record or justice's court for the recovery of money," etc. Laws 1867, c. 65, approved March 6. The same legislature amended the statute with reference to attachment by adding a proviso that the writ shall not be allowed in certain actions, i. e. libel, slander, seduction, breach of promise of marriage, false imprisonment or assault and battery. Laws 1867, c. 66, approved March 7.

In Davidson v. Owens, supra, the court took note of the sweeping language of the statute and while doubting the advisability of permitting the use of the writ of attachment without restriction, squarely held that, although Minnesota stood alone in extending the process to actions in tort, such was the effect of the words "in an action for the recovery of money".

That decision stood unchallenged for six years and then the legislature deliberately preserved the same general language with reference

to the writ of attachment but withheld its use in certain specified actions, and at the same time struck out the limitation which up to that time had restricted the garnishment process and employed the general term "any action". There is no getting away from the intention of the law-makers in making these changes. It was intended to open the door, in garnishment proceedings to all classes of actions, and to close it with reference to certain actions in attachment proceedings.

Thus the matter has stood without change. Although the process may be subject to abuse, and although most of the other states may have declined to go so far, our lawmakers have spoken clearly, this court has determined what was enacted and if a change is desired the proper tribunal for that purpose is the lawmaking body.

Order reversed.