## JOHN G. MAHLBERG v. L. L. JONES AND OTHERS.[1]

March 8, 1929.

No. 27,058.

*Frank W. Booth,* for appellant.
*Leonard, Street & Deinard,* for respondents.

HOLT, J.

Plaintiff appeals from the order dismissing the garnishee proceeding and discharging the garnishee.

The ground upon which the court based the order was that the action to which the garnishee proceeding was ancillary was not "an action for the recovery of money." (G. S. 1923, § 9356.) Appellant claims that garnishment is a remedy available in any and every sort of action. And this language in Cummings v. Edwards-Wood Co. 95 Minn. 118, 121, 103 N. W. 709, 106 N. W. 304, appears to justify the claim:

[1]Reported in 223 N. W. 922.

"It was intended to open the door, in garnishment proceedings to all classes of actions, and to close it with reference to certain actions in attachment proceedings."

But it is to be noted that this was said with reference to contrasting the course of legislation affecting the two remedies. As to attachment there had been a curtailment of the same in that in certain actions for recovery of money it could not be resorted to, but as to garnishment it had been extended to all actions for the recovery of money. The test must be whether the action in which this garnishment was attempted is "an action for the recovery of money." Without deciding whether garnishment is withheld in all equitable actions, we are clear that the complaint herein does not state a cause of action for the recovery of money any more than would an action in replevin for personal property, where as an incident to the wrongful detention damages are claimed. A short summary of the facts stated in the complaint is:

Defendant L. L. Jones and his two partners agreed to buy on contract a certain described tract of land in Hennepin county and take said contract in the name of Jones in trust for the partnership. This was done, and thereafter it was agreed between the partnership and Anton Mahlberg that if the latter advanced $2,000 to the partnership Jones would convey to Mahlberg an undivided one-half interest in said land as soon as Jones acquired title thereto, or about January 1, 1927; that pursuant thereto Mahlberg advanced the sum agreed, and after Jones acquired title Mahlberg demanded the conveyance as agreed, but Jones refused to comply; that since Jones took possession of the land he has received some rent therefrom in an amount to plaintiff unknown; that Jones has conveyed the title to the land to defendant Davis under some trust agreement in terms unknown to plaintiff, but Davis took such title with full knowledge of the partnership agreement; that Jones is insolvent; that prior to the commencement of this action Anton Mahlberg for value assigned his interest in the land and claim against Jones to plaintiff; that on October 13, 1926, with the consent of all the interested parties, Jones in writing agreed to convey to one Peter G. Hedlund

an undivided one-half interest in said land for $2,300 then paid; that when Jones obtained title on January 3, 1927, he refused to convey to Hedlund; that prior to the commencement of this action for value Hedlund transferred his interest in the land and his claim against Jones to plaintiff; wherefore plaintiff asks that he be declared the owner of the land and have a proper conveyance of the title and that he have an accounting for the rents and profits and such other relief as to the court seems just.

By a supplemental complaint it is alleged that subsequent to the commencement of the action Jones agreed to sell the land to one Athas on contract for $8,000 of which $4,500 is to be paid in partial payments, which contract was assigned to a relative of Jones, but both contract and assignment are alleged to have been made solely for the purpose of preventing a recovery by plaintiff.

This supplemental complaint adds no feature changing the action into one for the recovery of money. As we view the action it is one for specific performance. According to the complaint the agreed purchase price has been paid to the partnership and its trustee Jones, and plaintiff as assignee of the vendees is entitled to a conveyance. The accounting of rents and profits is merely an incidental matter and does not convert the action into one for the recovery of money.

The order is affirmed.