QUEVLI FARMS, INC. v. UNION SAVINGS BANK & TRUST COMPANY OF DAVENPORT, IOWA.[1]

June 21, 1929.

No. 27,312.

S. B. Wilson, Jr. and Nels Quevli, for appellant.
Finstad & Juhnke, for respondent.

[1]Reported in 226 N. W. 191.

Taylor, C.

This is an action for slander of title. The appeal is from an order setting aside a writ of attachment and the levy thereunder on the ground that the statute does not authorize an attachment in such an action.

The statute as originally enacted authorized an attachment in any action for the recovery of money whether sounding in tort or contract. Davidson v. Owens, 5 Minn. 50 (69); Cummings v. Edwards-Wood Co. 95 Minn. 118, 103 N. W. 709, 106 N. W. 304. It has been amended to read as follows:

"In an action for the recovery of money, other than for libel, slander, seduction, breach of promise of marriage, false imprisonment, malicious prosecution, or assault and battery, the plaintiff, at the time of issuing the summons or at any time thereafter, may have the property of the defendant attached in the manner hereinafter prescribed, as security for the satisfaction of such judgment as he may recover." G. S. 1923 (2 Mason, 1927) § 9342.

The statutes of most states limit the remedy of attachment to actions based on contract or to those based either on contract or on certain specified torts; and the extended search of counsel has disclosed little direct authority on the question here presented. The case nearest in point is McDonald v. Green, 176 Mass. 113, 115, 57 N. E. 211. The statute there in question authorized an attachment in all personal actions except those specified. Among those specified as excepted were actions of tort "for slander either by writing or speaking." The court held that an action for slander of title was an action for slander within the meaning of the statute and was excepted from those in which an attachment could issue. Macurda v. Globe Newspaper Co. (C. C.) 165 F. 104, may also be noted as recognizing that construction of that statute.

In Wilson v. Dubois, 35 Minn. 471, 473, 29 N. W. 68, 59 Am. R. 335, this court said that slander of title

"is not the ordinary action for slander, properly so called, 'but an action on the case, for special damages sustained by reason of the

speaking' complained of. 1 Wms. Saund. 243e, note n; Malachy v. Soper, 3 Bing. N. C. 371; Brook v. Rawl, 4 Exch. 521. Special damages are therefore of the gist of the action. Wetherell v. Clerkson, 12 Mod. 597. Without them the action cannot be maintained, and therefore a complaint failing to allege them fails to allege a cause of action."

That the action is based on different grounds and is governed by different principles than actions for slander is universally recognized.

"The impossibility of bringing slander of title under the principle of ordinary slander was shown in Malachy v. Soper * * *. That the cause of action for special damage resulting from slander of title does not die with the person strikingly illustrates the fact that the wrong differs widely from defamation of character." 1 Foundations of Legal Liability (Street) 322.

"The action, in its nature, is not properly for words spoken or for a libel written or published, but is in the nature of an action of trespass on the case for special damages sustained by reason of the act of the defendant. The cause of action is denominated slander of title by a sort of figure of speech in which the title is personified and made subject to many of the rules applicable to personal slander when the words themselves are not actionable." 17 R. C. L. 454.

"An action for slander of title is not like an action for ordinary defamation. The law relating to false statements concerning one's title to property belongs properly to the law of deceit rather than that of defamation." 37 C. J. 130.

"An action for slander of title is not properly an action for words spoken, or for libel written or published, but is an action on the case for damages sustained by reason of the speaking or publication of the words constituting slander of the plaintiff's title." 25 Am. & Eng. Enc. Law (2 ed.) 1074.

"It is an action for special damage actually sustained, and not an action of slander." Newell, Slander & Libel (4 ed.) 615.

In Law of Libel & Slander (5 ed.) by Sir Hugh Fraser, the author in his article on *Slander of Title* says [p. 62]:

"Strictly speaking, the subject matter of this  *  *  * article has no place in a work on libel and slander. There is no wrong to the reputation—no defamation—and the action is not for libel or slander, but 'an action on the case for special damage sustained by reason of the speaking or publication of the slander of the plaintiff's title.' Moreover the rules of law which govern this so-called 'slander of title' are wholly different to those relating to libel and slander."

Excerpts of similar purport to those cited might be multiplied indefinitely.

The action for slander of title, while frequently and perhaps usually treated in the books under libel and slander and as a subdivision thereof, is not an action for defamation in any proper sense, but an action to recover as damages the pecuniary loss sustained in consequence of a malicious and groundless disparagement of the plaintiff's title or property.

"The utterance of a mere falsehood, however malicious, is not alone sufficient to sustain an action for slander of title or property; special damages are the gist of the action and without them the action cannot be maintained." 37 C. J. 132.

Among the particulars in which this action differs from actions for libel or slander are that the statements, however false and malicious, are not actionable unless they resulted in pecuniary loss; that the action being founded on pecuniary loss does not die with the person; that there is no presumption of damage from the falsity of the statements; and that the plaintiff has the burden of proving not only that the statements were false and caused him actual pecuniary loss but also that they were made without probable cause therefor.

The term "slander" was originally used in a generic sense as including all forms of defamation then recognized, but it had ceased to be commonly used in that sense long before the enactment of the

statute in question. At that time the term was used to designate defamation of character by speaking, the term "libel" to designate defamation of character by writing,. and the term or expression "slander of title" to designate disparagement of title or of property. In specifying the classes of actions excepted from the operation of the statute the legislature named actions for "slander" and also actions for "libel," but did not name actions for "slander of title." Specifying both actions for slander and actions for libel indicates that those terms were not used in a generic sense, but to designate the particular classes of actions commonly known by those names; and we are unable to say that either term as used therein was intended to include actions for slander of title. As all actions for the recovery of money except those specifically excepted are within the statute, we reach the conclusion that actions commonly known as actions for slander of title are within the statute and that an attachment may issue therein.

It follows that the order must be and it is reversed.

WILSON, C. J. took no part.