JOHN G. MAHLBERG v. L. L. JONES AND ANOTHER.[1]

February 27, 1931.

No. 28,063.

[1]Reported in 235 N. W. 280.

*Frank W. Booth,* for appellant.
*Leonard, Street & Deinard,* for respondents.

LORING, J.

This action was originally for specific performance of a contract to convey certain greenhouses in the city of Minneapolis. The case was before this court in connection with a garnishment proceeding, and the opinion appears in 176 Minn. 522, 223 N. W. 922. When the case went to trial the theory of specific performance was abandoned, and a money judgment was asked upon an accounting, there being two causes of action set forth in the complaint.

In 1925 the defendant L. L. Jones was one of the stockholders in Swanson's, Incorporated, which did a floral business in Minneapolis. The greenhouses belonging to the corporation were destroyed by fire, and it became necessary to acquire another property. In June, 1925, L. L. Jones purchased, under contract for deed from the L. S. Donaldson Company, a greenhouse in south Minneapolis. Swanson's, Incorporated, occupied this property as a tenant at will of Jones until in 1927 the corporation became insolvent and went into the hands of a receiver. Jones paid the taxes as they accrued upon the property and also the instalments of the purchase price as they became due to the Donaldson company.

In April, 1926, Jones sold 49 of his 50 shares of stock in the Swanson corporation to the appellant Mahlberg and Anton Mahlberg, his brother. The Mahlbergs gave two joint notes aggregating $2,500 in payment for the stock. At the time of the sale of these shares of stock Jones agreed orally with the Mahlbergs that he would convey to them his equity in the Donaldson property upon reimbursement for his investment therein, one-half to be paid down, and the remainder to be paid in monthly instalments of $200. They were to pay all subsequent taxes and instalments which became due to the Donaldson company. Anton Mahlberg paid down

$1,172 and three more payments aggregating $717.50, but he defaulted in further payment and failed to pay taxes and instalments due to the Donaldson company.

In November, 1926, Jones sold his one remaining share in Swanson's, Incorporated, to S. W. Wilson, who was a large stockholder in that company. In January, 1927, the respondent L. L. Jones and the Mahlbergs agreed with Wilson that the Mahlbergs should transfer their 49 shares of stock to Wilson, in consideration of which Jones surrendered the Mahlbergs' note which he had received for the stock and the Mahlbergs agreed to get from Wilson a note for $2,000 payable to Jones. They also agreed to claim no further interest in the property purchased from the Donaldson company. The trial court has so found, and has also found that they abandoned their contract to purchase the property from Jones. These findings are amply sustained by the evidence.

Jones gave the Mahlbergs his note for $2,000 in consideration of their surrender of their stock and interest in the premises. About a month after this transaction Swanson's, Incorporated, went into the hands of a receiver. The Mahlbergs never obtained from Wilson the $2,000 note that they were to get from him in connection with the transfer of the stock, nor has Wilson paid Mr. Jones any money in connection with that transaction.

The plaintiff's second cause of action arises out of an assignment from Peter G. Hedlund of a claim for $2,300 advanced October 13, 1926, to S. W. Wilson. Hedlund testified that this was a loan, and that he was to have security on the greenhouses therefor. This was evidenced by a receipt which was signed by Wilson, L. L. Jones, and one of the Mahlbergs. No relief is sought by the plaintiff as against the property but solely upon the theory that Jones was indebted to Hedlund for the $2,300. The trial court found, and the evidence supports the conclusion, that Jones took no part in obtaining this loan, received none of the money, and made no promise whatever to repay Hedlund.

It was the position of the plaintiff that L. L. Jones, Wilson, and Anton Mahlberg were partners with Swanson's, Incorporated, and

liable as such for the moneys in controversy. We think that the trial court was amply justified in not finding such a partnership. In fact there is very little evidence in the record which would have supported such a finding. The trial court after making its findings of fact, made conclusions of law in favor of the defendants and ordered judgment accordingly. From the judgment entered upon such order the plaintiff has taken his appeal.

Careful examination of the record shows that the trial court's findings and order for judgment are amply sustained by the evidence. It was admitted upon the oral argument that if L. L. Jones' testimony is true the findings are supported, but the claim is made that his testimony is so improbable as not to be entitled to credence. We do not so find it.

The judgment appealed from is affirmed.

