JOHN G. GUSTAFSON v. EARL JOHNSON AND ANOTHER,
d. b. a. BETTER BILT MANUFACTURING COMPANY,
AND OTHERS.
WILLIAMS HARDWARE COMPANY AND ANOTHER,
ADDITIONAL DEFENDANTS.
MINNEAPOLIS IRON STORE CORPORATION, GARNISHEE.
AMERICAN CHAIN AND CABLE COMPANY, INC.,
RESPONDENT.[1]

January 11, 1952.

No. 35,529.

[1]Reported in 51 N. W. (2d) 108.

See, 235 Minn. 376, 51 N. W. (2d) 118.
*Durham & Swanson,* for appellants.
*C. E. Warner,* for respondent.

KNUTSON, JUSTICE.

This action was originally commenced against defendants Earl Johnson and B. R. L. Johnson, a copartnership doing business as Better Bilt Manufacturing Company (hereinafter referred to as Better Bilt); Roy Steller, Merrill R. Steller, and Donald R. Senior, a copartnership doing business as Stellers' (hereinafter referred to as Stellers'); and Raymond Gustafson and Sidney Gustafson, to recover damages for personal injuries alleged to have been sustained when certain chains holding up a ramp on a grain elevator broke, causing the ramp to fall on and injure plaintiff.

The complaint alleges that Better Bilt was engaged in the business of manufacturing farm machinery and equipment and, more particularly, a grain and corn elevator; that Stellers' was engaged in assembling, selling, and distributing such elevators; that the Gustafsons were engaged as farmers; that Better Bilt made and sold, in knockdown form, a grain elevator to Stellers', who assembled and sold it to the Gustafsons for use upon their farm; that on December 4, 1948, plaintiff was about to assist the Gustafsons in the filling of a granary with ground feed; and that, while so doing and while standing next to such elevator, the chains holding up a ramp broke, causing it to fall on plaintiff and inflicting upon him the injuries for which he now seeks recovery. Plaintiff further alleges that Better Bilt was negligent in the manufacture and sale of the elevator in various respects; that Stellers' was negligent in assembling the elevator; and that the Gustafsons were negligent in the use thereof.

Better Bilt interposed an answer denying liability and asserting as a defense contributory negligence on the part of plaintiff. Thereafter, said defendant made a motion to bring in as additional parties defendant Williams Hardware Company and American Chain Company. The affidavit of the moving defendant in support of its motion sets forth that the portions of the chain which broke were manufactured by American Chain Company; that if there was any defect therein it was caused by the negligence of American Chain Company in the manufacture thereof; and that Williams Hardware Company had sold the chains to the manufacturing defendant, and its liability is based upon an implied warranty of fitness for the use intended. The trial court granted the motion, ordering the moving defendant to serve an amended answer setting up a cross complaint against Williams Hardware Company and American Chain Company, and further ordering that the amended answer and cross complaint be served as a summons and complaint in the original action. Thereafter, an amended answer and cross complaint were prepared. In it and in all subsequent papers and proceedings, the corporation named as American Chain Company in

the moving papers, affidavit, and order of the court appears as American Chain and Cable Co. Inc. In its cross complaint, Better Bilt alleges the commencement of the action by plaintiff, a copy of the complaint in which action is attached, and substantially the same facts set forth in the affidavit to support its motion, the substance of which is stated above. The prayer for relief in the cross complaint is as follows:

"Wherefore, these defendants pray judgment that in the event of a recovery by the plaintiff against these defendants, that these defendants and each of them have judgment by way of indemnity or contribution against the additional defendants, American Chain and Cable Co., Inc., and Williams Hardware Company, together with their costs and disbursements herein."

No question is raised here as to the propriety of joining Williams Hardware Company.

American Chain and Cable Co. Inc., is a foreign corporation claiming to have no office or resident agent in this state upon whom service of process may be made. Attempting to obtain service under M. S. A. 543.12, a garnishment summons was served on Minneapolis Iron Store Corp., and it is conceded that funds of American Chain and Cable Co. Inc., in the amount of $3,748.93 were impounded by the garnishment. The garnishment disclosure was made on November 2, 1950. On November 29, 1950, American Chain and Cable Co. Inc., appeared specially and moved the court to set aside and vacate the service of the garnishment summons for the reason that the action upon which the garnishment proceeding is based is not such an action as will permit a garnishment under our statute and that the moneys of the third-party defendant have been wrongfully impounded. On January 25, 1951, the court made its order granting the motion and dismissed the garnishment and released the funds impounded by the same. This appeal is from such order.

Respondent contends that there is a fatal variance in the name of the third-party defendant in the original motion papers and order of the court and in the subsequent proceedings, and, for this

reason, that the court does not have jurisdiction over respondent. Respondent further contends that the action against it will not support a garnishment because it is not an action for the recovery of money within the meaning of § 571.41.

■ It is conceded that in the original motion to bring in third-party defendants and in the court's order granting the motion respondent is designated as American Chain Company. In the amended answer and cross complaint and in all subsequent papers and proceedings, including the garnishment proceeding, respondent is designated by its correct name, American Chain and Cable Co. Inc. Respondent raised no objection in the lower court based on the discrepancy in these names. That it was not misled or prejudiced is apparent from the fact that in the affidavit of counsel for respondent submitted in connection with its special appearance and in support of its motion to dismiss the garnishment respondent is referred to by its correct name, as well as by the symbolic name of "American Chain."

The defect in the name of respondent in the original papers bringing it in as a party defendant was amendable in the trial court. Wise v. C. B. & Q. R. Co. Relief Dept. 133 Minn. 434, 158 N. W. 711; Kenyon v. Semon, 43 Minn. 180, 45 N. W. 10; 3 Dunnell, Dig. & Supp. § 5104.

A mistake in the name of a party which is amendable in the lower court will be disregarded by this court as not affecting the substantial rights of the parties where it appears that no one was misled or prejudiced by the defect. Hancock-Nelson Merc. Co. v. Midwest Food Packers, 182 Minn. 426, 234 N. W. 696; 67 C. J. S., Parties, § 99; Bauman v. Grubbs, 26 Ind. 419.

In Farmers & Merchants State Bank v. Hampton Farmers Elev. Co. 171 Minn. 209, 213 N. W. 742, we held that it was not an abuse of discretion to deny plaintiff's motion to amend the name of the defendant from Hampton Farmers Elevator Company to Hampton Farmers Co-operative Elevator Company, Inc.; but it appeared in that case that the latter corporation had taken over the business and affairs of the former corporation and that both corporations

were still in existence. We did, however, recognize the power of the court to grant the motion had it seen fit to do so in its discretion. We there said (171 Minn. 211, 213 N. W. 742):

"* * * While it would seem from the record that the amendment might well have been allowed, it has always been recognized that the allowance of such amendments rests very largely in the discretion of the trial court."

See, also, 39 Am. Jur., Parties, § 125; Clevenger v. Grover, 212 N. C. 13, 193 S. E. 12, 124 A. L. R. 82; Annotation, 124 A. L. R. 86; Griffin v. Faribault F. & A. Assn. 203 Minn. 97, 280 N. W. 7.

There is no showing here of any prejudice to respondent. The garnishment proceedings all carried the correct name of respondent. It appeared specially in its right name to move for a dismissal of the garnishment on other grounds and made no mention of a defect in the names at that time or at any other time in the lower court. Under these circumstances, it is too late now to raise this issue.

█ The principal point raised by this appeal is whether the original defendants, in their cross complaint against respondent, have pleaded a cause of action in which garnishment is available. The ultimate decision of this question rests upon the determination of three main propositions:

(1) What are the prerequisites to the commencement of an action for contribution or indemnity?

(2) May a party who may become liable for contribution or indemnity be brought in as an additional party defendant by the original defendant in the main or original action under M. S. A. 540.16?

(3) If the second question is answered in the affirmative, is an action against one whose liability depends on the establishment of liability against the original defendant such an action for the recovery of money as will permit a garnishment proceeding under § 571.41?

We must start with the general proposition that an action for contribution does not mature until one of two or more obligors or tortfeasors has paid more than his share of the debt or obligation. In Township of Canosia v. Township of Grand Lake, 80 Minn. 357, 359, 83 N. W. 346, 347, we said:

"* * * 'Contribution' is defined as a payment made by each, or by any, of several having a common interest of liability of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others. If one pays more than he should, he may compel his codebtor to contribute his share of the money paid. But it is well settled that for the purposes of an action to recover the proportion of the debt, whether at law or in equity, the right of one is regarded as maturing when he has paid more than his share of the debt, and until that time there is neither equitable obligation nor implied contract to make contribution. The mere fact of his own liability is not sufficient to enable a party to enforce contribution. There must be a payment, or such assumption of the demand as imposes upon the claimant more than his share, and a corresponding release against those from whom he claims."

See, also, Hoverson v. Hoverson, 216 Minn. 228, 12 N. W. (2d) 501; Merrimac Min. Co. v. Gross, 216 Minn. 244, 12 N. W. (2d) 506; 2 Dunnell, Dig. & Supp. § 1922; Restatement, Restitution, § 82; Gregory, *Procedural Aspects of Securing Tort Contribution in the Injured Plaintiff's Action,* 47 Harv. L. Rev. 222.

A judgment establishing a common liability is not a necessary prerequisite to an action for contribution between joint tortfeasors. D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766.

■ The question naturally follows: Can one who may become liable for contribution or indemnity be brought into an action by a tortfeasor, who is sued alone, prior to the payment by the original defendant of more than his share of the joint obligation?

Courts in different jurisdictions have not arrived at the same result in answering this question.[2] As a general proposition, the right of the defendant to bring in as an additional party defendant a joint tortfeasor or one who may become liable for contribution or indemnity depends upon the statutes or case law involving both procedural and substantive right. Generally, the statutes must permit such impleader, and there must exist a substantive right to contribution against a joint tortfeasor. The different results reached by courts of different jurisdictions may be attributable to differences either in the procedural statutes permitting or denying the right to implead third parties who may become liable for contribution or in the substantive law permitting or denying the right of contribution between joint tortfeasors. However, not all cases can be so reconciled. Many of the cases are collected in Annotations, 78 A. L. R. 580, 132 A. L. R. 1424, and 11 A. L. R. (2d) 228. See, also, 13 Am. Jur., Contribution, § 73, and 1951 Pocket Parts; 39 Am. Jur., Parties, §§ 90, 91.

With respect to the substantive law permitting or denying the right of recovery for contribution, there can no longer be any doubt that such right exists in this state, absent intentional wrong or conscious illegal act. Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766; Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173.

We have held also that the same law governs and is applicable to the right to indemnity and the right to contribution, the only difference being as to the measure of recovery. D. M. & N. Ry. Co. v. McCarthy, *supra*.

There remains for determination, then, only the procedural question whether or not our laws permit impleader of one who may become liable for contribution or indemnity in the main action.

---

[2]Many of the difficulties and problems involved are discussed in an article by Charles O. Gregory of the University of Chicago Law School entitled, *Procedural Aspects of Securing Tort Contribution in the Injured Plaintiff's Action,* 47 Harv. L. Rev. 209.

In at least two cases we have recognized the practice in other states which permits a determination of the right of contribution in the main action as between joint tortfeasors. In D. M. & N. Ry. Co. v. McCarthy we said (183 Minn. 417, 236 N. W. 767) :

"* * * It appears from Michel v. McKenna, 199 Wis. 608, 614, 227 N. W. 396, 399, that our sister state has adopted what is called the 'modern practice' of permitting a joint tortfeasor to raise the issue of contribution against his codefendant in the original action. If that rule of adjective law is the result of statute, as counsel say, it is immaterial to the rule of substantive law, decisive of the present case, to which it is but an aid."

It may be said that in the same case we condemned the practice when we said (183 Minn. 419, 236 N. W. 768) :

"* * * The obligation can be established and measured as well in the action for contribution between the wrongdoers as in that of the injured person against them. In fact the whole job can be done better there, for all the issues can be settled; whereas often the original suit must leave open as between the wrongdoers the issues of negligence and proximate causation."

In Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 245, 276 N. W. 228, 231, 114 A. L. R. 173, the question was again raised by this query:

"* * * In a tort case, why may the equities of the defendants among themselves not be litigated and a judgment be reached which will settle the whole matter, not only as between plaintiff and defendants, but also as between the latter? All parties jointly liable may be sued. (2 Mason Minn. St. 1927, § 9411; applicable in tort as well as contract, Fryklund v. G. N. Ry. Co. 101 Minn. 37, 111 N. W. 727.) If they are not, the court may and should order in the missing ones. *Id.* Under § 9253 a defendant may set up in his answer 'all equities' in his favor. Because they need not be those against the plaintiff, why may they not be against one or more of the other defendants and so made the subject matter of a pleading in the

nature of a cross bill? If defendants in tort actions desire to protect their equities against those who are or should be sued jointly with them, does our law as it stands, or does it not, furnish the method whereby the judgment in the main action can be made to adjudicate the whole matter, not only for or against the plaintiff but also as between the defendants?

"The propounding here of the foregoing questions must not be taken as indication of opinion as to what the answers should be. But we do suggest the problem. If the answer is negative, there is an opportunity for legislative action to the end that our procedural law may be so built out as to enable the court in one action 'to grasp all the issues germane to the main controversy, whether arising between the plaintiff and the defendant, or between defendants, or between a defendant and an outside party, and dispose of them in one and the same action, and thus avoid circuity of action and multiplicity of suits.' That result has been accomplished in Wisconsin by the statute dealt with in Hemenway v. Beecher, 139 Wis. 399, 402, 121 N. W. 150, 151, and Wait v. Pierce, 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276."

The Kemerer case was decided in 1937. At that time our statute (M. S. A. 540.16, subd. 1) provided:

"Whenever it shall be made to appear, upon motion of the plaintiff in any pending action, or of *any defendant* in such action *who has alleged a counterclaim or other ground for affirmative relief,* that in order to a full determination of such action another should have been made a party defendant or plaintiff therein, the court, upon such terms as may be proper, shall order such additional party to be brought in, and may stay other proceedings in the action for such time as may be necessary for that purpose." (Italics supplied.)

This statutory provision was amended by L. 1947, c. 152, § 1,[3] so as to make it permissible for others than the plaintiff or a defendant

[3]This section will be superseded by our rules of civil procedure, effective January 1, 1952. See, Rules 13.08, 14.01, 14.02, 19.02, and Appendices B(1)

who had interposed a counterclaim or asked for affirmative relief to move for the addition of other parties. Under the statute as so amended, any party may now move to bring in such additional parties. The statute as amended reads:

"When it shall be made to appear, *upon motion of a party to any pending action,* that in order to a full determination of such action, *or in order to avoid a multiplicity of suits,* another should have been made a party defendant or plaintiff therein, the court, upon such terms as may be proper, shall order such additional party to be brought in, and may stay other proceedings in the action for such time as may be necessary for that purpose." (Italics supplied.)

It is apparent that the scope of the statute was considerably expanded by the amendment. Not only could the motion thereafter be made by any party to a pending action, but the court could order such additional parties to be brought in in order to avoid a multiplicity of suits, as well as in order that there might be a full determination of such action, as the statute had previously provided.

As has been pointed out above, while much depends upon the statute in a particular state, it seems that where it is permissible to bring in additional parties in order to prevent a multiplicity of suits, or in order that substantial justice may be done, a defendant in a main action may, for the protection of a right to contribution, have others brought in on a showing that if such defendant is held liable he can compel contribution from such other parties. See, generally, 13 Am. Jur., Contribution, § 73. In Wisconsin, under

and B(2). Under Rule 14 of the federal rules of civil procedure, a party who may become liable for contribution or indemnity to the defendant in the original action may be brought in as a third-party defendant where there is a right to indemnity or contribution under the substantive law of the state where the action is pending. Gray v. Hartford Acc. & Ind. Co. (D. C.) 31 F. Supp. 299; Crum v. Appalachian Elec. Power Co. (D. C.) 29 F. Supp. 90; Kravas v. Great A. & P. Tea Co. (D. C.) 28 F. Supp. 66; 35 C. J. S., Federal Courts, § 123(e); Annotation, 11 A. L. R. (2d) 230.

its statute,[4] it has been held that a joint tortfeasor may be brought in as an additional party by the defendant to whom he may become liable for contribution. Wait v. Pierce, 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276. The Wisconsin court recognized the rule that one joint tortfeasor has no right of action against another tortfeasor until he has discharged more than his equitable share of the common obligation and that a cross complaint against a third party must state a cause of action; but it disposed of these contentions in permitting such third party to be brought in as an additional party defendant in the main action as follows (191 Wis. 231, 210 N. W. 825):

"In this case the copartners and Wait may be held to be, under the allegations of the cross-complaint, joint tortfeasors. The partners asked to have Wait made a party in order that 'the entire controversy may be settled in one action,' and the court quite properly, in the exercise of its discretion, held that Wait should be made such party. While it is true the partners have no complete cause of action against Wait until they have been legally compelled to satisfy more

---

[4]Wis. Stat. 1949, § 260.19, which reads:

"(1) When a complete determination of the controversy in court cannot be had without the presence of other parties, or when persons not parties have such interests in the subject matter of the controversy as require them to be parties for their protection, the court shall order them brought in; and when in an action for the recovery of property a person not a party has an interest therein and makes application to the court to be made a party it may order him brought in.

\* \* \* \* \*

"(3) A defendant, who if he be held liable in the action, will thereby obtain a right of action against a person not a party may apply for an order making such person a party defendant and the court may so order."

And *Id.* § 263.15, which reads:

"A defendant or a person interpleaded or intervening may have affirmative relief against a codefendant, or a codefendant and the plaintiff, or part of the plaintiffs, or a codefendant and a person not a party, or against such person alone, upon his being brought in; but in all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action or relates to the occurrence out of which the action arose."

than their equitable share of a common liability, no greater difficulty exists in providing for the ultimate settlement by a contingent judgment of all controversies arising out of the action than exists in a like case where the defendant, if held liable to the plaintiff and compelled to discharge his liability, will have a claim over against a third party, and that third party is brought in and subjected to liability in the same action. If it be held that the partners and the defendant Wait are joint tortfeasors, and if each of the joint tortfeasors pays his equitable share of the judgment, no further action will be necessary. On the other hand, if one of the joint tortfeasors is compelled to pay more than his equitable share, no reason exists why his rights against the other tortfeasor should not be settled in this action contingent upon such payment."

It is interesting to note that the Wisconsin third-party and cross-claim statute antedated and did not comprehend contribution between tortfeasors. Contribution between joint tortfeasors was first recognized in Wisconsin in Ellis v. C. & N. W. Ry. Co. 167 Wis. 392, 167 N. W. 1048. In the same year, the Wisconsin court denied the right of a defendant to bring in as an additional third party one who might become liable for contribution on the ground that the cause of action had not yet arisen. Bakula v. Schwab, 167 Wis. 546, 168 N. W. 378. However, in Wait v. Pierce, *supra*, decided eight years later, the court took the opposite view.

The West Virginia court reached the opposite conclusion under a statute quite similar to ours, the author of the opinion being of a view opposite to that of the majority of the court. In Rouse v. Eagle Convex Glass Specialty Co. 122 W. Va. 671, 672, 13 S. E. (2d) 15, 132 A. L. R. 1421, the West Virginia court said:

"The writer of this opinion would construe the statute as permitting a defendant in tort to have an alleged joint tort-feasor made a party to the action. The majority say not. They take this position: The practice is settled that the plaintiff in tort can sue one or all who have jointly wronged him, and if less than all, can select whom he will sue. The practice permitted here would allow a defendant to select in part those to be sued; would force the plaintiff into un-

contemplated and perhaps undesired litigation with every added defendant; and would many times inject an issue, as here, between the original defendant and an added one, which might overshadow the issues between them and plaintiff. In a tort action the general disadvantage to a plaintiff and the general confusion thus resulting would overweigh so completely the advantage to the defendant of having determined therein whether another shall share his liability, that it will be presumed the statute was not intended to apply in such case."

It might be said that the answer to this view is, after all, that it is left to the sound discretion of the trial court whether a third party should be brought in at all.

In Fox v. Western New York Motor Lines, Inc. 257 N. Y. 305, 178 N. E. 289, 78 A. L. R. 578, the New York court held, under a statute requiring that a joint judgment be recovered before a right of contribution exists and that payment by a joint tortfeasor of more than his pro rata share was also a prerequisite, that a defendant sued alone has no right to have another tortfeasor brought in as a codefendant. The statute authorizing the bringing in of third parties preëxisted the enactment of the statute creating the right to contribution.

Our statute relating to contribution and subrogation between joint debtors (§ 548.19[5]) did not change the substantive law of contribution, but simply provided a summary method for enforcing the right. American Motorists Ins. Co. v. Vigen, 213 Minn. 120,

[5]"When a judgment against two or more persons shall be enforced against or paid by one of them, or one of them shall pay more than his proper share as between himself and the other judgment debtors, he may continue the judgment in force for the purpose of compelling contribution; and, if within ten days after such enforcement or payment, he shall file with the clerk a notice of the amount paid by or collected from him in excess of his proper share, and of his claim for contribution, the clerk shall make a note thereof on the margin of the docket. Thereupon the judgment shall remain in effect in favor of the party filing such notice for the amount and against the party in such notice specified."

5 N. W. (2d) 397, 142 A. L. R. 722; Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173, *supra*.

As in Wisconsin (Wait v. Pierce, 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276, *supra),* it is discretionary with the trial court under our statute (§ 540.16) whether such third party shall be brought into the action. Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, 16 A. L. R. (2d) 1015. The same is true under the third-party practice in many other jurisdictions. 39 Am. Jur., Parties, § 85.

While the Wisconsin third-party statute, as well as that of some of the other states and the federal rules of civil procedure, is more specific than ours, the main purpose of these statutes or rules of court is to enable the parties to dispose of the entire controversy in one action and thereby avoid delay and prevent circuity or multiplicity of actions. 67 C. J. S., Parties, § 74(j). Our statute, as extended by the 1947 amendment, has the same objective, as have our new rules of civil procedure governing the matter, effective January 1, 1952. We believe that the rule now adopted in Wisconsin is in harmony with the modern trend and should be adopted by us. We therefore hold that, subject to the exercise of the sound discretion of the trial court, on motion of a defendant in a tort action, a third party who may become liable to the original defendant for contribution or indemnity may be brought in as a third-party defendant.

■ There remains for decision, then, only the question whether garnishment is available to the original defendant as against the third party so brought in. Our garnishment statute (§ 571.41) reads:

"In any action in a court of record or justice court for the recovery of money, at the time of issuing the summons or at any time during the pendency of the action or after judgment therein against the defendant, a garnishee summons may be issued against any third person as provided in this chapter. The plaintiff and defendant shall be so designated and the person against whom the summons issues shall be designated garnishee. Any individual, partnership

or corporation within the state having property subject to garnishment may be named as garnishee."

Garnishment is essentially a statutory remedy. In the absence of statute, it would not exist. As a consequence, authorities from other states and general statements in texts have little value without reference to the statutes upon which they are based. There can be no question that our statute is much more liberal than that of many other states. We have held that garnishment under our statute is authorized in tort actions. Cummings v. Edwards-Wood Co. 95 Minn. 118, 103 N. W. 709, 106 N. W. 304. The test under our statute is whether the action in which the garnishment is attempted is an action "for the recovery of money." Mahlberg v. Jones, 176 Minn. 522, 523, 223 N. W. 922, 923. See, also, Quevli Farms, Inc. v. Union Savings B. & T. Co. 178 Minn. 27, 226 N. W. 191, holding that an action for slander of title is an action for the recovery of money, and, further, that all actions for the recovery of money, except those specifically excepted, are within our statute.

Respondents rely upon general statements from American Jurisprudence and Corpus Juris Secundum, wherein it appears that as a general rule statutes do not permit attachment or garnishment until a debt has matured or until the debt is due, or until it is certain to the extent that it may become unconditional upon the happening of a future event. Specifically, respondents rely upon Trunkey v. Johnson, 154 Kan. 725, 730, 121 P. (2d) 247, 250, where the court said:

"Generally it is held that statutes authorizing attachments on claims not due apply only where there is an existing indebtedness which will become due and payable by mere lapse of time, and that a liability which is conditional or dependent upon the happening of some future event is not a debt within the meaning of such statutes."

This case is a good illustration of the fact that authorities from other states having statutes which are not similar to ours are of little value to us. Kansas Gen. Stat. Ann. 1949, § 60-941, provides

that at the time of issuing the summons or at any time thereafter before final judgment, in an action founded upon contract, express or implied, or upon judgment or decree, the plaintiff may file his affidavit for garnishment. While we do not presume to construe the Kansas statute, it is obvious that it is not as broad as ours; and it is doubtful whether garnishment would be available at all under that statute in a tort action.

In the case now before us, had plaintiff recovered a judgment against the original defendants or had defendants settled their liability to plaintiff and thereafter sued the third party for contribution or indemnity, it would seem clear that such action would be an action for the recovery of money, in which garnishment under our statute would be available. Where a third party, who may become liable for contribution or indemnity, is brought in as an additional party defendant, on motion of the original defendant, under a statute such as ours, the action becomes the combination of a suit by the original plaintiff against the original defendant, a suit by the latter against the additional defendant, and a suit by the original plaintiff against the additional defendant. 39 Am. Jur., Parties, § 90. It is no less an action for the recovery of money by the defendant against the additional defendant than if the original defendant had settled the obligation and then brought suit. Nor is the fact that the claim of defendant against the additional defendant is contingent upon the establishment of a claim by plaintiff against the original defendant sufficient to defeat a garnishment under our statute. We do not require that the claim be liquidated. Garnishment is available, as has been mentioned above, in tort actions for the recovery of money. It is always doubtful what amount and whether there may be any recovery in such actions. It would seem that if we are to permit a defendant to implead a party who may become liable for contribution or indemnity in the main action it must be on the theory that he has a cause of action against such impleaded party the same as he would have if the liability of the original defendant to plaintiff had been established, and, if so, it

is an action for the recovery of money under our statute, thereby making garnishment available.

Garnishment being available, it must follow that jurisdiction is obtained over a nonresident to the extent of the *res* impounded. The fact that the claim may be unliquidated or inchoate does not destroy the power of the state to proceed against a nonresident by garnishment. In Pennington v. Fourth Nat. Bank, 243 U. S. 269, 271, 37 S. Ct. 282, 283, 61 L. ed. 713, 715, the United States Supreme Court said:

"* * * The power of the State to proceed against the property of an absent defendant is the same whether the obligation sought to be enforced is an admitted indebtedness or a contested claim. It is the same whether the claim is liquidated or is unliquidated, like a claim for damages in contract or in tort. It is likewise immaterial that the claim is at the commencement of the suit inchoate, to be perfected only by time or the action of the court. The only essentials to the exercise of the State's power are presence of the *res* within its borders, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard."

No point has been raised concerning the necessary service of process upon the nonresident defendant so brought in. Accordingly, we assume that proper service has been made as required by our statute and that such defendant will have an opportunity to be heard.

Reversed.