**Mark HERUBIN, et al., Plaintiffs,**

**Jack Puglisi, Respondent,**

v.

**David FINN, et al., Appellants.**

**No. CX–99–570.**

Court of Appeals of Minnesota.

Dec. 7, 1999.

Greg C. Gilbert, Laura J. Schacht, Johnson, Killen, Thibodeau & Seiler, Duluth, MN (for respondent).

Michael E. Orman, Nancy C. von Seggern, Orman & Nord Law Office, Duluth, MN (for appellants).

Considered and decided by
HALBROOKS, Presiding Judge,
KLAPHAKE, Judge, and ANDERSON,
Judge.

## OPINION

HALBROOKS, Judge.

Appellants David Finn and David Bergstedt challenge the district court's determination that respondent Jack Puglisi is entitled to contribution for a judgment satisfied by respondent but entered against appellants and respondent jointly and severally. We hold that respondent failed to comply with Minn.Stat. § 548.19 (1998), and that respondent's filing of a satisfaction of judgment divested the district court of its subject matter jurisdiction over the judgment. Because the district court lacked subject matter jurisdiction to entertain respondent's motion for contribution, we vacate the judgments entered against appellants.

### FACTS

Appellants David Finn and David Bergstedt formed a partnership with respondent Jack Puglisi in the fall of 1987 for the purpose of building a home on property owned by respondent in Duluth. The parties agreed that respondent's capital contribution would be his land and appellants' capital contribution would be their labor. The parties intended to sell the home once it was completed. Following the sale, all expenses of the construction were to be paid from the proceeds, and respondent was to be reimbursed for the value of the lot. The partners agreed to evenly divide any remaining profit.

The partners hired Anthony Carl and Mark Herubin to assist with the construction of the home. In March 1988, the partnership was no longer able to pay their wages. Nonetheless, Carl and Herubin agreed to continue working, anticipating future compensation from the proceeds of the sale of the house. Eventually, the house was completed and sold. Respondent conducted the closing alone, not including appellants, and subsequently retained all of the proceeds from the sale. He did not pay Carl and Herubin or share any of the proceeds with appellants.

Carl and Herubin sued the partnership and the individual partners for unpaid wages. On January 23, 1991, the trial court found appellants and respondent jointly and severally liable to Carl and Herubin.

Respondent satisfied the judgments in favor of Carl and Herubin, with considerable accrued interest, in December 1997, almost seven years later. Appellants did not pay any portion of the judgment. Respondent filed a satisfaction of judgment in district court on January 8, 1998.

On September 29, 1998, respondent made a motion in the district court seeking an order for contribution from appellants. Respondent cited Minn.Stat. § 548.19 (1998) as the authority for his motion. The district court heard arguments on respondent's motion and found that he was entitled to contribution from appellants. Judgments were entered on February 4, 1999, in favor of respondent.

## ISSUE

Does failure to file a notice of a claim for contribution pursuant to Minn.Stat. § 548.19 (1998) preclude a motion for contribution subsequent to the filing of a satisfaction of the judgment for which contribution is sought?

## ANALYSIS

■ The construction of a statute is a question of law and, thus, is fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). A reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984).

Respondent filed his motion for contribution in district court citing Minn.Stat. § 548.19 (1998) as the basis for the motion. That statute provides:

When a judgment against two or more persons shall be enforced against or paid by one of them, or one of them shall pay more than a proper share as between that debtor and the other judgment debtors, the debtor may continue the judgment in force for the purpose of compelling contribution; and, if within ten days after such enforcement or payment, the debtor shall file with the court administrator a notice of the amount paid by or collected from the debtor in excess of the debtor's proper share, and of the debtor's claim for contribution, the administrator shall make a note

thereof on the margin of the docket. Thereupon the judgment shall remain in effect in favor of the party filing such notice for the amount and against the party in such notice specified.

*Id.* Appellants challenged the district court's authority to order contribution on the basis of this statute because respondent never filed the notice of contribution provided for in the statute. The district court concluded, however, that the filing of a contribution notice was not a prerequisite to bringing a motion for contribution on the basis of Minn.Stat. § 548.19. The district court, therefore, agreed to entertain respondent's motion for contribution, notwithstanding respondent's failure to file a notice of contribution.

■ Neither party argues, nor do we find, that the text of Minn.Stat. § 548.19 is in any way ambiguous. If statutory language is clear and unambiguous, the court looks only to the plain meaning of the language. *Boutin v. LaFleur*, 591 N.W.2d 711, 715 (Minn.1999); *see also* Minn.Stat. § 645.16 (1998). The plain meaning of Minn.Stat. § 548.19 requires a party to file a notice of contribution within ten days of paying more than its share of a judgment if that party wishes to have the original judgment remain in force and be modified to represent its claim against its co-debtors.

■ The failure to file a notice of contribution precludes a party from taking advantage of the "summary" procedure provided for in the statute. Our interpretation of the plain language of Minn.Stat. § 548.19 is in accord with the supreme court's decision in *Gustafson v. Johnson*, 235 Minn. 358, 51 N.W.2d 108 (1952). In *Gustafson*, the court held:

Our statute relating to contribution and subrogation between joint debtors, § 548.19, did not change the substantive law of contribution, but simply provided a summary method for enforcing the right.

*Id.* at 371, 51 N.W.2d at 115–16 (citations omitted) (footnote omitted). In other words, the filing of a notice pursuant to Minn.Stat. § 548.19 is necessary for the original judgment to remain in force against a party's joint debtors following a payment by that party in excess of its share.

■ A joint debtor's inability to avail itself of the summary procedure provided in Minn.Stat. § 548.19 does not eliminate that joint debtor's ability to obtain contribution. *Gustafson,* 235 Minn. at 371, 51 N.W.2d at 115–16. A joint debtor who pays more than its share of the joint debt may also initiate an action for contribution. An action for contribution, unlike the summary procedure afforded by Minn.Stat. § 548.19, requires the party seeking contribution to appear before the court in order to establish its right to contribution.

■ Respondent's attempted solution to his failure to file a notice of contribution in this case was to bring a motion for contribution more than eight months after the satisfaction of judgment was filed rather than initiate an action for contribution. The plain meaning of the text of Minn. Stat. § 548.19 does not provide support for respondent's contention that his motion for contribution on the basis of that statute was appropriate. The statute requires a party to file a notice of contribution within ten days of paying more than its share. Minn.Stat. § 548.19. Failure to file a notice renders the statute inapplicable to a party's attempt to obtain contribution.

■ Not only does Minn.Stat. § 548.19 fail to provide respondent with a valid basis for his motion for contribution in this case, but his decision to file the satisfaction of judgment also divested the district court of its jurisdiction over the judgment.

■ Subject matter jurisdiction involves a court's authority to decide a particular class of actions and its authority to decide the particular questions before it. *Cochrane v. Tudor Oaks Condominium Project,* 529 N.W.2d 429, 432 (Minn.App.

1995), *review denied* (Minn. May 31, 1995). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Minn. R. Civ. P. 12.08(c). A lack of subject matter jurisdiction can be raised at any time, by any party, or by the court itself. *Stadum v. Norman County,* 508 N.W.2d 217, 218 (Minn.App.1993), *review denied* (Minn. Jan. 6, 1994); *see also* 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 12.16 (3d ed.1998). Subject matter jurisdiction cannot be conferred upon the court by consent of the parties. *Hemmesch v. Molitor,* 328 N.W.2d 445, 447 (Minn.1983).

■ Carl and Herubin, the plaintiffs in the underlying action, executed a satisfaction of judgment in December 1997. It was filed with the district court on January 8, 1998. Once a satisfaction of judgment is filed with the district court, that judgment "ceases to have any existence." *Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.,* 482 N.W.2d 771, 773 (Minn. 1992) (quoting *Boulevard Del, Inc. v. Stillman,* 343 N.W.2d 50, 52 (Minn.App.1984)).

The issue before the supreme court in *Dorso Trailer* was whether the district court had subject matter jurisdiction to vacate a judgment that had already been satisfied. *Id.* In *Dorso Trailer,* judgment was entered against a distributor in favor of a manufacturer following litigation arising out of a dispute involving the parties' distributorship contract. *Id.* at 772. Following the entry of judgment, the distributor paid the judgment and filed a satisfaction of judgment. *Id.* Six months after the judgment was satisfied, the distributorship brought a motion before the district court to vacate the judgment. *Id.* The district court granted the motion and issued an order vacating the judgment. *Id.*

The supreme court reversed, holding that the district court lacked subject matter jurisdiction to entertain the motion and to vacate the judgment. *Id.* at 773. The

supreme court reasoned that, once the satisfaction of judgment was filed with the district court, the judgment ceased to exist, and, therefore, there was nothing to vacate. *Id.*

Like *Dorso Trailer*, the satisfaction of judgment in this case was filed with the district court months before respondent brought his motion for contribution. Once the satisfaction of judgment was filed in the district court, the judgment ceased to exist. *Id.* Respondent did not ask the court to delay recording the satisfaction of judgment, bring his motion contemporaneously with its filing, or follow the summary procedure set forth in Minn.Stat. § 548.19. Following the recording of the satisfaction of judgment, all issues relative to the underlying litigation were resolved and the district court's jurisdiction over the matter ended. The district court did not have the authority to entertain respondent's motion brought more than eight months after the court's jurisdiction ended. If respondent now wishes to invoke the district court's jurisdiction over his claim for contribution, he must initiate a lawsuit to which appellants can respond with any counterclaims or defenses they deem to be appropriate.

## DECISION

Because respondent failed to file a notice of contribution as required by Minn. Stat. § 548.19 (1998), he is unable to take advantage of the summary procedure afforded by that statute. Respondent's decision to file a satisfaction of judgment prior to the filing of his motion divested the district court of subject matter jurisdiction over the judgment. Because the district court lacked subject matter jurisdiction, the judgments entered against appellants on February 4, 1999, pursuant to the district court's order of February 3, 1999, are vacated.

**Judgments vacated.**