Gina M. ZAFFKE, et al., Respondents,

Minnesota Workers' Compensation
Assigned Risk Plan,
Appellant,

v.

Jon E. WALLESTAD, M.D.,
et al., Respondents.

No. C7–01–1578.

Court of Appeals of Minnesota.

April 16, 2002.

Michael W. Unger, John R. Neve, Rider, Bennett, Egan & Arundel, PLLP, Minneapolis, for respondents.

Douglas J. McIntyre, Brown & Carlson, P.A., Minneapolis, for appellant.

Daniel L. Scott, Shawn M. Raiter, Charles A. Gross, Larson King, LLP, St. Paul, for respondents.

Considered and decided by TOUSSAINT, Chief Judge, SHUMAKER, Judge, and FOLEY, Judge.*

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant challenges the district court's decision to vacate the judgment against plaintiff-respondent Gina Zaffke, claiming that by doing so the district court destroyed appellant's right to contribution against Zaffke as provided in Minn.Stat. § 548.19 (2000). Because the judgment was not entered in error and because it entitled appellant to a right of contribution under Minn.Stat. § 548.19, we reverse.

## FACTS

Respondent Gina Zaffke (Zaffke) sued respondents Jon E. Wallestad, M.D. and Orthopaedic Partners, P.A. (Wallestad) for malpractice. Before trial, appellant, Minnesota Workers' Compensation Assigned Risk Plan (Assigned Risk Plan) intervened in the action, asserting its right to subrogation, reimbursement, or recovery of the workers' compensation benefits paid to Zaffke.

After a jury trial, on December 4, 2000, the district court ordered judgment in favor of Wallestad. Wallestad later agreed not to tax Zaffke for costs and disbursements in exchange for Zaffke's promise not to appeal. However, neither Wallestad nor Zaffke notified the district court or Assigned Risk Plan of this agreement. On January 4, 2001, judgment was entered in Wallestad's favor and against both Zaffke and Assigned Risk Plan.

On January 29, 2001, Wallestad petitioned the court for costs and disbursements against Assigned Risk Plan only. However, because the judgment was against both Zaffke and Assigned Risk Plan and because the court administrator had no notice of the Wallestad–Zaffke agreement, the court administrator docketed the judgment for costs and disbursements against both parties, even though the petition named only Assigned Risk Plan.

Zaffke brought a rule 60.02 motion to vacate the judgment against her, alleging mistake and satisfaction of the judgment. The district court granted the motion, and vacated the judgment as to Zaffke. Assigned Risk Plan brought this appeal.

## ISSUES

1. Did the district court err by determining Assigned Risk Plan, an intervenor, had no right of contribution against Zaffke, the plaintiff, when judgment was properly entered for the defendant?

2. Did the district court err by vacating the judgment against Zaffke under Minn. R. Civ. P. 60.02(a) and (e)?

## ANALYSIS

1. *Right of Contribution*

██ Assigned Risk Plan contends on appeal that because a judgment was en-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

tered against both Assigned Risk Plan and Zaffke, entitling the prevailing defendant to costs and disbursements, it is entitled to a right to contribution against the original plaintiff, Zaffke. Whether Assigned Risk Plan is entitled to a right to contribution is a legal issue which this court reviews de novo. *Nuessmeier Elec., Inc. v. Weiss Mfg. Co.*, 632 N.W.2d 248, 251 (Minn.App. 2001), *review denied* (Minn. Oct. 16, 2001). One may bring a contribution action when the parties share a common liability or burden and the plaintiff to the contribution action has paid more than its fair share of the common liability or burden. *County of Dodge v. Martin*, 271 Minn. 489, 492–94, 136 N.W.2d 652, 654–56 (1965). Minn.Stat. § 548.19 (2000) provides a summary method for joint debtors to enforce the right of contribution. *Gustafson v. Johnson*, 235 Minn. 358, 371–72, 51 N.W.2d 108, 115–16 (1952). Minn.Stat. § 548.19 (2000) states:

> When a judgment against two or more persons shall be enforced against or paid by one of them, or one of them shall pay more than a proper share as between that debtor and the other judgment debtors, the debtor may continue the judgment in force for the purpose of compelling contribution * * *.

Assigned Risk Plan argues that by jointly pursuing litigation against Wallestad, Zaffke and Assigned Risk Plan shared a common liability for the resulting costs and disbursements owed to Wallestad as a result of the judgment entered in Wallestad's favor. We agree with Assigned Risk Plan. Zaffke contends, and the district court found, that because of the Zaffke–Wallestad agreement, the judgment was entered against Zaffke in error and therefore no right of contribution arose. The judgment resulted from a jury verdict in Wallestad's favor. Because the court administrator received no written notice regarding the Zaffke–Wallestad agreement before the judgment was set to be entered,

it was properly entered against both parties, creating a common liability. Rights of contribution existed between Assigned Risk Plan and Zaffke.

### 2. *Motion to Vacate*

■ Assigned Risk Plan argues that, by vacating the judgment against Zaffke, the district court frustrated Assigned Risk Plan's ability to enforce its right to contribution, causing it substantial prejudice. The district court may relieve a party from a final judgment because of "[m]istake, inadvertence, surprise, or excusable neglect" or because "[t]he judgment has been satisfied, released, or discharged * * *." Minn. R. Civ. P. 60.02(a), (e). The district court's decision to vacate a judgment under this rule is reviewed under an abuse of discretion standard. *Charson v. Temple Israel*, 419 N.W.2d 488, 490 (Minn.1988).

The district court found that it was fair and equitable to vacate the judgment against Zaffke because it believed the judgment had been entered in error after Wallestad released Zaffke from liability and because it did not have the discretion to deny Wallestad the opportunity to recoup its costs. The Zaffke–Wallestad agreement, however, should have no impact on the liability that Zaffke shares with Assigned Risk Plan. *Cf. City of Willmar v. Short–Elliott–Hendrickson, Inc.*, 512 N.W.2d 872, 873 (Minn.1994) (explaining that where the plaintiff's case failed as to one defendant, the cross-claim by a co-defendant survived).

■ "The doctrine of contribution is an equitable doctrine which requires that persons under a common burden share that burden equitably." *Spitzack v. Schumacher*, 308 Minn. 143, 145, 241 N.W.2d 641, 643 (1976). Because the judgment was properly entered against Zaffke, the district court's decision to vacate the judg-

ment against Zaffke frustrated contribution. It would not be equitable under these facts to require Assigned Risk Plan to pay the entirety of Wallestad's litigation expenses when the case was initially brought and also fully litigated by ·Zaffke. Therefore we reverse the district court's decision to vacate judgment against Zaffke.

Finally, appellant argues that the district court's decision to vacate the judgment against Zaffke was in error because the Zaffke–Wallestad agreement was essentially an improper stipulation to dismiss Zaffke's case under Minn. R. Civ. P. 41.01(a). Because we hold that the ground reflected above requires reversal, we need not reach this issue.

## DECISION

The district court abused its discretion by vacating the judgment against the original plaintiff, thereby removing the intervening party's statutory means of enforcing its right to contribution for the common liability of costs and disbursements due the prevailing defendant.

**Reversed.**